ARBOR HEALTH CARE COMPANY, APPELLANT, *v.* JACKSON, DIR., APPELLEE.

(No. 86AP-766—Decided May 14, 1987.)

*Carlile, Patchen, Murphy & Allison* and *Donald A. Antrim,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Russell W. Whittenburg, Stephanie A. Zembar* and *Lawrence D. Pratt,* for appellee.

STRAUSBAUGH, P.J. Defendant moved the court of common pleas, pursuant to Civ. R. 12(B)(6), to dismiss plaintiff's complaint seeking declaratory relief. The court granted defendant's motion and plaintiff appeals.

Plaintiff, Arbor Health Care Company ("Arbor"), is an Ohio corporation located in Lima engaged in the planning, development and operation of long-term health care facilities in Ohio. Defendant, David L. Jackson, M.D., Ph.D., was the Director of Health and served as the Director of the State Health Planning and Development Agency ("SHPDA") at the time this cause of action accrued.

SHPDA is the state agency designed by the United States Secretary of Health and Human Sevices as the health planning agency required by Section 300m, Title 42, U.S. Code.[1] Pursuant to Section 300m-2(a)(4)(B),

---

[1] Sections 300k-1 through 300n-6 were repealed as of January 1, 1987. See 100 Stat. 3743, 3799 (Section 701[a], Title VII, P.L. 99-660, Nov. 14, 1986).

Title 42, U.S. Code, SHPDA is responsible for implementing the certificate of need ("CON") process which is codified in Ohio at R.C. Chapter 3702.

The CON process entails the submission of an application for approval to SHPDA before a health care provider may develop new health care services or make substantial capital improvements on existing services. More pertinent to the case at bar, a skilled nursing home cannot be developed or constructed until approved by SHPDA through the CON process. Approval is obtained when SHPDA grants a certificate of need.

When reviewing an application to construct or improve a nursing home, SHPDA is required to utilize a bed-need formula in order to calculate the number of nursing home beds that each county will need in that year. Ohio Adm. Code 3701-12-23. SHPDA is required to batch applications together for a comparative review if it declares the applications complete in the same month. Ohio Adm. Code 3701-12-10. If SHPDA grants certificates of need for all the beds allotted for that county to the applicants in one batch, later applications will be denied unless the applicant is able to demonstrate sufficient need for the project. Ohio Adm. Code 3701-12-23(I). Accordingly, those applications which are not reviewed by SHPDA in the first batch have less chance of being approved later in the year.

Plaintiff desired to participate in the CON process in order to construct a one-hundred bed skilled nursing care facility in Cuyahoga County. As such, it filed two CON applications with SHPDA on April 19, 1985. These applications were declared complete on June 27, 1985, and assigned an initial decision date of October 3, 1985.

SHPDA, however, had determined sometime prior to April 26, 1985, that it already had applications for more beds than it had allocated for Cuyahoga County in 1985. Therefore, it decided to batch those applications declared complete by April 26, 1985, and perform a comparative review on that batch. A decision date of August 1, 1985, was set for granting or denying these applications. SHPDA did not notify all applicants of this decision, but instead notified only those applicants who requested the information.

Plaintiff became aware of this process sometime after April 26, 1985, and was therefore unable to participate in the first batch review. When SHPDA failed to meet its August 1, 1985 decision date, plaintiff filed the instant suit in the Franklin County Court of Common Pleas on October 18, 1985.

Plaintiff alleged that SHPDA (1) was improperly applying its rules in calculating the annual bed need by doing it on a fiscal-year, rather than calendar-year, basis; (2) had arbitrarily set the decision date in 1985 and had arbitrarily informed some providers and not others of the key decision date; and, (3) was improperly interpreting its annual bed-need formula with respect to a component which reflects the net migration of population between counties. Plaintiff sought declaratory judgment in its favor on these issues, an order requiring all 1985 long-term care applications to be batched together, and an injunction prohibiting SHPDA from granting any long-term care applications based on the 1985 bed calculation.

A hearing on plaintiff's motion for a temporary restraining order was held, at which time plaintiff agreed to dismiss its request for injunctive relief and defendant agreed to grant plaintiff a certificate of need if plaintiff prevailed on the merits of its declaratory judgment action. Although the entry dismissing plaintiff's request for a

temporary restraining order was not filed until December 12, 1985, defendant proceeded to allocate the beds among the first batch and then moved for dismissal, on November 14, 1985, of plaintiff's declaratory judgment action pursuant to Civ. R. 12(B)(6). The court granted defendant's motion and dismissed plaintiff's action as being moot and barred by plaintiff's failure to exhaust its administrative remedies, and on the authority of *State, ex rel. Lieux*, v. *Westlake* (1951), 154 Ohio St. 412, 43 O.O. 343, 96 N.E. 2d 414. This entry was journalized on July 22, 1986 and the instant appeal followed.

Plaintiff asserts the following three assignments of error:

"I. The trial court erred in dismissing the action of plaintiff-appellant on the ground that the relief sought by plaintiff-appellant was moot.

"II. The trial court erred in dismissing the action of plaintiff-appellant on the ground that the relief sought by the plaintiff-appellant was barred by plaintiff-appellant's failure to exhaust its administrative remedies before the State Health Planning and Development Agency and the Certificate of Need Review Board.

"III. The trial court erred in dismissing the action of plaintiff-appellant on the authority of *State, ex rel. Lieux*, v. *Westlake* (1951), 154 Ohio St. 412."

Inasmuch as plaintiff's second and third assignments of error are intertwined and are dispositive of this appeal, we will consider them together. Plaintiff maintains that the administrative process afforded CON applicants under R.C. 3702.58(B) is inadequate since plaintiff desired the certificate of need in 1985. The statutory review process could not provide this relief if all the beds had been allocated for 1985. Hence, in plaintiff's view the trial court abused its discre-

tion when it dismissed the declaratory judgment action.

At the outset, it is important to note that the issue here is the adequacy of the administrative remedy provided by former R.C. 3702.58(B) in light of the time required to pursue that remedy; the issue is not whether plaintiff was required to exhaust that remedy. Plaintiff contends that, if it desired to have one hundred beds allocated in 1985, and the administrative review process could not be completed until 1987, plaintiff was prohibited from obtaining the specific relief it sought. Given the time-consuming nature of the remedy provided, plaintiff argues that resort to the courts for declaratory relief is always an alternative remedy, especially where there is a denial of the due process right of notice.

While plaintiff is correct in this regard, it must also be remembered that declaratory relief is a matter of discretion within the province of the trial court in the first instance. See *State, ex rel. Dickison*, v. *Court of Common Pleas* (1971), 28 Ohio St. 2d 179, 180, 57 O.O. 2d 411, 277 N.E. 2d 210, 211. Under the circumstances of this case, we cannot say that the court abused its discretion in dismissing the cause.

R.C. 3702.58(B) provides that plaintiff was entitled to an adjudication hearing before the Certificate of Need Review Board if SHPDA denied plaintiff's application. Such hearing is to be conducted in accordance with R.C. Chapter 119. *Id.* The statute specifically grants plaintiff the right to appeal from the board's order in the adjudication hearing to the Franklin County Court of Common Pleas.

Hence, it is clear that the General Assembly has designed a special statutory proceeding whereby applicants for a certificate of need must first present their application to

SHPDA in accordance with the regulations outlined in Ohio Adm. Code Chapter 3701-12. Once the SHPDA has decided to grant or deny a certificate of need, R.C. 3702.58(B) provides for an adjudicatory hearing before the Certificate of Need Review Board pursuant to the rules outlined in Ohio Adm. Code Chapter 3702-2. Appeal to the court of common pleas may be taken after the review board has rendered its decision.

Since the procedure outlined in R.C. Chapter 3702 is a specialized procedure, declaratory relief is generally inappropriate. *State, ex rel. Iris Sales Co., v. Voinovich* (1975), 43 Ohio App. 2d 18, 19, 72 O.O. 2d 162, 163, 332 N.E. 2d 79, 80-81. Ordinarily, a declaratory judgment is a remedy in addition to other legal and equitable remedies and is to be granted where the court finds that speedy relief is necessary to the preservation of rights which might otherwise be impaired. Civ. R. 57 and R.C. 2721.02; *Herrick* v. *Kosydar* (1975), 44 Ohio St. 2d 128, 73 O.O. 2d 442, 339 N.E. 2d 626; *American Life & Accident Ins. Co. of Kentucky* v. *Jones* (1949), 152 Ohio St. 287, 40 O.O. 326, 89 N.E. 2d 301, paragraph two of the syllabus; *Schaefer* v. *First Natl. Bank of Findlay* (1938), 134 Ohio St. 511, 13 O.O. 129, 18 N.E. 2d 263, paragraph three of the syllabus. Where, however, a specialized statutory remedy is available in the form of an adjudicatory hearing, a suit seeking a declaration of rights which would bypass, rather than supplement, the legislative scheme ordinarily should not be allowed. *Iris Sales Co., supra,* at 21-23, 72 O.O. 2d at 164-165, 332 N.E. 2d at 81-83; *Laub* v. *Wills* (1943), 72 Ohio App. 496, 508-510, 27 O.O. 444, 449, 53 N.E. 2d 530, 536. See, also, *Katzenbach* v. *McClung* (1964), 379 U.S. 294, 295-296.

It follows from the foregoing that the circumstances of this action dictate that declaratory relief was inappropriate. Merely because the administrative appeals process takes more time than plaintiff desires is not a sufficient ground for bypassing the specialized procedure outlined in R.C. Chapter 3702. See, *e.g., Eggers* v. *Morr* (1955), 162 Ohio St. 521, 55 O.O. 417, 124 N.E. 2d 115.

Plaintiff maintains, however, that the portion of its suit seeking a declaration of its constitutional due process right to notice should nevertheless be upheld. In plaintiff's view, such relief is normally available for claims which rest on constitutional grounds. As support for this position, plaintiff cites *Herrick, supra,* at 130, 73 O.O. 2d at 443, 339 N.E. 2d at 628.

The court in *Herrick* found that the declaratory relief sought was a superior remedy to the administrative proceeding inasmuch as the relief sought there rested solely on a constitutional claim. *Id.* Since an administrative agency could never provide the relief sought, declaratory relief was appropriate.

Plaintiff in the instant suit seeks a declaration of its constitutional right in addition to a declaration of its statutory rights under the administrative procedure. We believe that, should plaintiff prevail in its administrative appeal, plaintiff's constitutional claim will become moot. As such, *Lieux, supra,* is controlling.

The court in *Lieux* stated that constitutional questions will not be decided until it becomes necessary to do so. Thus, where an administrative procedure might provide the relief sought without deciding a constitutional issue, the administrative remedy should be pursued first. Although *Lieux* can be distinguished from the instant case in that the issue there was the doctrine of exhaustion of remedies, we find the rationale for *Lieux* applicable here.

Based on the foregoing, we conclude that plaintiff's second and third assignments of error are not well-taken and are overruled. The trial court did not abuse its discretion when it dismissed plaintiff's complaint under the circumstances.

As its first assignment of error, plaintiff asserts that the trial court erred in dismissing the declaratory judgment action as moot. The premise of plaintiff's assertion is that, since the in-court agreement stipulated that plaintiff would forgo its demand for injunctive relief in exchange for defendant's promise to grant plaintiff a certificate of need should plaintiff prevail on the merits of its declaratory judgment action, dismissal was unfair since defendant avoided the preliminary relief only on the pretext of going to trial. Although we might have ruled differently were we the trial court, we cannot say that the court below abused its discretion under the circumstances. In light of the fact that the court was justified in dismissing this cause in any event, we believe plaintiff's first assigned error is not well-founded.

Based on the foregoing, plaintiff's first, second and third assignments of error are overruled. The judgment of the court below is affirmed.

*Judgment affirmed.*

WHITESIDE and YOUNG, JJ., concur.

WHITESIDE, J., concurring. Since the dismissal of the declaratory action was appropriately within the discretion of the common pleas court, the dismissal was proper. However, it does not necessarily follow that the trial court would have abused its discretion had it retained the action. I concur only upon the understanding that we do not determine that issue herein.