**Franklin Cty. Sheriff's Dept. v. FOP
Case No. 89AP498
Franklin County, (10th)
Decided January 23, 1990**
[Cite as 1 AOA 393]

*Mr. Michael Miller, Prosecuting Attorney; Downes & Associates and Mr. Jonathan J. Downes, for appellant.*

*Cloppert, Portman, Sauter, Latanick & Foley and Mr. Robert W. Sauter, for appellee Fraternal Order of Police, Capital City Lodge 9.*

BRYANT, J.

Plaintiff-appellant, Franklin County Sheriff's Department, appeals from the trial court's dismissal of its declaratory judgment action.

In 1987 and 1988, plaintiff and defendant-appellee, Fraternal Order of Police, were parties to collective bargaining agreements, which contained provisions providing for arbitration of at least some of the grievances filed under the agreements. From December 1987 to July 1988, defendant submitted to plaintiff seven grievances that dealt primarily with promotions of employees within the sheriff's department. On September 12, 1988, plaintiff filed an action in Franklin County Common Pleas Court, seeking a declaratory judgment that the grievances were not arbitrable. On March 29, 1989, the court dismissed plaintiff's second amended complaint, after which plaintiff appealed to this court.

Construing plaintiff's "statement of the issues" as assignments of error, plaintiff makes the following two assignments of error:

"I. The lower court erred by dismissing the complaint for failure to state a claim upon which relief can be granted.

"II. The lower court erred by dismissing the complaint for lack of subject matter jurisdiction."

We will first address the jurisdictional issue in plaintiff's second assignment of error. Initially, plaintiff contends that the existence of the State Employee Relations Board ("SERB") has no effect on the common pleas court's jurisdiction over the present action. Plaintiff relies primarily upon *AT&T Technologies, Inc.* v. *Communications Workers* (1986), 475 U.S. 643, for its assertion that the common pleas court had subject-matter jurisdiction. In *AT&T,*

the Supreme Court reaffirmed the principle that, in federal courts "* * * the question of whether the parties [to a collective bargaining agreement] agreed to arbitrate is to be decided by the court * * *." *Id.* at 649. However, *AT&T* is not conclusive here because the concern in *AT&T* was whether the arbitrability decision was to be made by a court as opposed to an arbitrator, rather than a court as opposed to an administrative body like SERB. See *id.*

A more analogous concept of federal labor law is the principle of the "primary" or exclusive jurisdiction of the National Labor Relations Board (the "NLRB"). The NLRB generally has exclusive jurisdiction, relative to state and federal courts, to determine whether conduct is arguably subject to Sections 7 or 8 of the National Labor Relations Act. See *Vaca* v. *Sipes* (1967), 386 U.S. 171, 178-179; *Mack Trucks, Inc.* v. *International Union, UAW* (C.A.3, 1988), 856 F. 2d 579 584. See, also, *San Diego Bldg. Trades Council* v. *Garmon* (1959), 359 U.S. 236, 245. The NLRB's exclusive jurisdiction encompasses the determination of unfair labor practices under Section 8 of the Act; thus, federal district courts have no jurisdiction over actions seeking a declaratory judgment that a party has committed an unfair labor practice under Section 8. *Retail, Wholesale & Dept. Store Union* v. *NLRB* (C.A.6, 1984), 745 F. 2d 358, 362-363; *Lexington Cartage Co.* v. *International Brotherhood of Teamsters* (C.A.6, 1983), 713 F. 2d. 194.

Because of the similarity of the NLRB's and SERB's role in determining unfair labor practices, Ohio courts have followed the federal courts' primary jurisdiction rationale and held that "an act which constitutes an unfair labor practice under R.C. Chapter 4117 is subject to the exclusive jurisdiction of SERB to the exclusion of the Court of common pleas." *Gray* v. *City of Toledo* (May 15, 1987), Lucas App. No. L-86-113, unreported. See, also, *Turnik* v. *City of Cleveland* (May 22, 1986), Cuyahoga App. No. 50390, unreported. ("We hold that conduct which actually or arguably constitutes an unfair labor practice * * * is subject to the exclusive jurisdiction of SERB. * * *") In the present case, defendant contends that plaintiff's conduct was arguably an unfair labor practice under R.C. 4117.11(A), which states:

"It is an unfair labor practice for a public employer, its agents, or representatives to:
"* * *
"(6) Establish a pattern or practice of repeated failures to timely process grievances and requests for arbitration of grievances[.]"

Because plaintiff's conduct arguably constitutes a violation of R.C. 4117.11(A)(6), defendant argues this case falls within the exclusive jurisdiction of SERB.

We conclude, however, that, regardless of whether the determination of unfair labor practices is within the exclusive jurisdiction of SERB, the present case is distinguishable from *Gray, supra,* and *Turnik, supra.* In the present case, the parties are not seeking a determination from the common pleas court as to whether plaintiff has committed an unfair labor practice. The issue before the trial court was the arbitrability of defendant's grievances, an issue common pleas courts have the authority to determine under R.C. Chapter 2711. See *Colegrove* v. *Handler* (1986), 34 Ohio App. 3d 142. Since plaintiff's action in common pleas court did not seek a ruling on whether an unfair labor practice occurred, the action did not invoke any exclusive jurisdiction SERB may have to determine unfair labor practices.

The federal courts have interpreted the NLRB's primary jurisdiction in a similar manner. For example, because Congress gave federal district courts jurisdiction under Section 301 of the Labor Management Relations Act to interpret collective bargaining agreements, the courts have jurisdiction over an action for breach of the agreement, regardless of whether the conduct at issue also constitutes an unfair labor practice. *William E. Arnold Co.* v . *Carpenters District Council* (1974), 417 U.S. 12, 15-16; *Smith* v. *Evening News Assn.* (1962), 371 U.S. 195, 197. In short, we conclude that SERB'S authority to determine unfair labor practices does not deprive common pleas courts of their general declaratory judgment jurisdiction and capacity to determine arbitrability.

Defendant also argues that the trial court lacked jurisdiction because defendant filed an unfair labor charge with SERB in October 1988, alleging that plaintiff violated R.C 4117.11(A)(6). In addition, defendant has asserted before this court that SERB issued a complaint against plaintiff in June 1989. See R.C. 4117.12(B). Given these facts, defendant argues that dismissal was proper because (1) plaintiff has failed to exhaust available administrative remedies and (2) the unfair labor practice proceeding before SERB constitutes a

special statutory proceeding.

Defendant first argues that, if SERB's decision is adverse to plaintiff, plaintiff has a remedy through an administrative appeal under R.C. 4117.13(D). Defendant contends that the availability of an administrative appeal precludes a declaratory judgment action, citing *Schomaeker* v. *First Nat'l Bank* (1981), 66 Ohio St. 2d 304, 312-313 (administrative appeal under R.C. Chapter 2506).

Defendant's argument is not well-taken. Civ. R. 57 provides that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Construing *Schomaeker* consistently with Civ. R. 57, the basis for the decision in *Schomaeker* appears to be the *res judicata* or collateral estoppel effect of the unappealled final order of an administrative body. See *Wagner* v. *Krouse* (1983), 7 Ohio App. 3d 378, 380; *Noble County Engineer* v. *State Employees Relations Board* (Dec. 23, 1987), Franklin App. No. 87AP-587, unreported (1987 Opinions 3160, 3165). Here, though, plaintiff did not seek to circumvent a final order through the declaratory judgment action; consequently, the rationale of *Schomaeker* does not apply.

Defendant's second argument in regard to the pending SERB complaint is that declaratory relief is not appropriate if the legislature has provided a special statutory proceeding, like SERB, to determine the issue involved in the declaratory judgment action. Defendant cites *States, ex rel. Iris Sales. Co.*, v. *Voinovich* (1975), 43 Ohio App. 2d 18, and this court's opinion in *Arbor Health Care Co.* v. *Jackson* (1987), 39 Ohio App. 3d 183. We find, however, that the "special statutory proceeding" argument does not support the trial court's dismissal in the present case. In *Arbor Health Care*, we noted that "* * * declaratory relief is a matter of discretion within the province of the trial court in the first instance. * * *" *Id.* at 185. See *Bilyeu* v. *Motorists Mutual Ins. Co.* (1973), 36 Ohio St. 2d 35, syllabus. In *Arbor Health Care*, we upheld the trial court's dismissal of a declaratory judgment action, not because the trial court lacked jurisdiction, but because the dismissal was not an abuse of discretion. *Arbor Health Care, supra*, at 187. The existence of a special statutory proceeding does not deprive a trial court of jurisdiction to hear a declaratory judgment, as the United States Supreme Court indicated in *Katzenbach* v. *McClung* (1964), 379 U.S. 294, 296, cited in *Arbor Health Care, supra*, at 186, stating that:

"* * * [E]ven though Rule 57 of the Federal Rules of Civil Procedure permits declaratory relief although another adequate remedy exists, it should not be granted where a special statutory proceeding has been provided. * * * [C]ourts should, therefore, *ordinarily refrain from exercising their jurisdiction* in such cases." (Emphasis added.)

See, also, 6A Moore, Federal Practice (1989), Paragraph 57.08[3], at 57-44.

The distinction between jurisdiction and discretion becomes important in the present case because the trial court phrased its dismissal in terms of lack of jurisdiction, rather than as an exercise of discretion. Since the trial court never reached the point of exercising its discretion, we cannot uphold the trial court's dismissal on the basis of *Arbor Health Care*.

In sum, the trial court had jurisdiction to hear plaintiff's declaratory judgment action. Accordingly, we sustain plaintiff's second assignment of error.

We next address plaintiff's argument in its first assignment of error that the trial court erred by dismissing plaintiff's complaint under Civ. R. 12(B)(6). The trial court dismissed on Civ. R. 12(B)(6) grounds, apparently as an alternative to its dismissal on jurisdictional grounds.

In regard to the Civ. R. 12(B)(6) dismissal, we agree substantially with the statement in *Fioresi* v. *State Farm Mut. Auto. Ins. Co.* (1985), 26 Ohio App. 3d 203, that a court can dismiss a declaratory judgment action under Civ. R. 12 (B)(6) for only two reasons: "(1) where there is no real controversy or justiciable issue between the parties * * * or (2) when the declaratory judgment will not terminate the uncertainty or controversy, under R.C. 2721.07 * * *." *Id.* at 203-204. See, also, R.C. 2721.07; *Bilyeu, supra*, at 37. In the present case, the trial court made no findings that the parties' dispute was not justiciable, nor did the court find that a declaratory judgment would not resolve the controversy. Without those determinations, which in effect would support the trial court's decision not to exercise its discretion in declaratory judgment jurisdiction, and given our resolution of the jurisdictional issue, the trial court should have rendered a declaratory judgment; and if the trial court believed that plaintiff's interpretation of the agreements was clearly insupportable, it should have rendered a

declaratory judgment to that effect. Moreover, a dismissal is not appropriate merely on grounds of expediency, since parties possess other means of quickly resolving a declaratory judgment action; for example, a court may render a declaratory judgment in the form of a judgment on the pleadings.

See *Calhoun* v. *Supreme Court of Ohio* (1978), 61 Ohio App. 2d 1, 5-6; Civ. R. 12(C).

Nevertheless, the trial court provided substantial reasons for its Civ. R. 12(B)(6) dismissal. In particular, the court found that the grievances were arbitrable because plaintiff could point to nothing in the contract to refute the presumption of the arbitrability of grievances arising out of collective bargaining agreements. See *United Steelworkers* v. *Warrior and Gulf Navigation Co.* (1960), 363 U.S. 574, 582-583.

Conceivably, we could find that the trial court's findings constituted, in effect, a declaration of the rights of the parties. However, we conclude that the trial court's dismissal renders its discussion of the merits ambiguous. A dismissal of a declaratory judgment action generally indicates that the trial court has not addressed the merits of the dispute. See *State, ex rel. Fenske,* v. *McGovern* (1984), 11 Ohio St. 3d 129, paragraph four of the syllabus.

Consequently, we find that, under the circumstances, the trial court erred when it dismissed plaintiff's complaint for failure to state a claim. See *Johnson* v. *City of Youngstown* (July 9, 1986), Mahoning App. No. 85 C.A. 113, unreported; *Guseman* v. *Western Reserve Mutual Casualty Co.* (Aug. 2, 1985), Erie App. No. E-84-56, unreported. But, see, *Jay Huddle Storage Inc.* v. *Midwestern Indemnity Co.* (Jan. 13, 1986). Henry App. No. 7-84-13, unreported. We therefore sustain plaintiff's first assignment of error.

Having sustained both assignments of error, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

WHITESIDE and BROGAN, JJ., Concur.

BROGAN, J., of the Second Appellate District sitting by assignment in the Tenth Appellate District.