DECISION AND JUDGMENT ENTRY
Roger H. Pollock, Jr. appeals the judgment of the Chillicothe Municipal Court finding him guilty of driving under suspension in violation of R.C. 4507.02. He raises the following assignment of error:
 "THE COURT BELOW ERRED IN OVERRULING DEFENDANT'S MOTION TO DISCHARGE AND FAILURE (SIC) TO FIND O.R.C. § 4509.101 VOID."
We find this assignment of error to be meritless and affirm the judgment of the trial court.
The Bureau of Motor Vehicles ("BMV") notified appellant that he had been randomly selected under R.C. 4509.101(A)(3)(c) and requested verification of insurance from him as of October 30, 2000. Appellant failed to comply with the BMV's request, but instead, sent a letter to the BMV indicating the vehicle was inoperable on October 30, 2000. The BMV suspended appellant's driver's license from February 2, 2001 to May 3, 2001. The BMV advised appellant that he would have to pay a reinstatement fee and provide proof of financial responsibility before it would reissue a license. The notice of suspension from the BMV also included a section providing appellant with the opportunity to request a hearing if he wished to present a claim for an exemption from coverage. The inoperability of the vehicle was one of the potential issues listed on the hearing notice.
In March of 2001, appellant received a citation for operating a motor vehicle during the period of suspension. He filed a motion to dismiss the traffic complaint, claiming that the suspension of his driver's license was contrary to law since he was not operating the vehicle on October 30, 2000. He also alleged that R.C. 4509.101 was unconstitutional since it is vague and violates due process. The trial court denied appellant's motion. After the parties filed a stipulation of facts that included the BMV transcript, appellant pled no contest to the driving under suspension charge. The trial court found him guilty of driving under suspension and sentenced him to a $25 fine and impounded his vehicle for a period of 30 days. Appellant filed this timely notice of appeal.
Pollock contends that the trial court erred when it failed to find R.C. 4509.101 is void. R.C. 4509.101(A)(3)(c) permits the BMV to require proof of insurance from any randomly-selected licensed driver. Under Ohio Adm. Code 4501:1-2-08, which governs the random selection suspension procedure, the BMV will suspend the driver's license of any person who fails to submit proof of insurance or who fails to claim that an exemption applies. Appellant is not disputing the fact that he was operating a motor vehicle while his license was suspended. Nor is he challenging the validity of the criminal statute that prohibits driving under suspension, i.e. R.C. 4507.02. Rather, he argues (1) that the underlying suspension is contrary to law; and (2) that the statute under which the BMV suspended his license is unconstitutional.
We reject appellant's assignment of error without deciding the merits of his arguments. Courts decide constitutional issues only when absolutely necessary. State ex rel. Debrosse v. Cool, 87 Ohio St.3d 1,7, 1999-Ohio-239, 716 N.E.2d 1114; State ex rel. BSW Dev. Group v.Dayton, 83 Ohio St.3d 338, 345, 1998-Ohio-287, 699 N.E.2d 1271. See, also, State ex rel. Lieux v. Village of Westlake (1951), 154 Ohio St. 412,96 N.E.2d 414, paragraph one of the syllabus. Therefore, where an administrative procedure might provide the necessary relief without deciding the constitutionality of the statute, the administrative remedy should be pursued first. Lieux, supra, at 416. See, also, Arbor HealthCare Co. v. Jackson (1987), 39 Ohio App.3d 183, 186, 530 N.E.2d 928.
In this case, Ohio Adm. Code 4501:1-2-08 provided appellant with the opportunity to request a hearing. At the hearing, appellant could have presented evidence that the vehicle was exempt from the statute on the date in question because it was inoperable. The registrar then would have made a determination on appellant's suspension and his claim for an exemption. If the registrar upheld the suspension, then Pollock could have pursued his appeal in the trial court under R.C. 119.12. See Covellv. Bur. of Motor Vehicles (July 2, 1998), Montgomery App. No. 16895. Arguably, appellant's alternative course of action would be to file a civil declaratory judgment action based on the constitutional claims after he received an adverse ruling through the administrative procedure. See Lieux, supra.
However, he chose not to pursue either remedy in the civil context. Rather, he waited until he received a criminal traffic complaint to raise the purported unconstitutionality of the civil administrative proceedings that resulted in the suspension of his license. The doctrine of res judicata, specifically collateral estoppel, precludes him from doing so in the criminal context. It also precludes him from claiming he had a valid exemption that is based on the inoperability of the vehicle.
Res judicata bars a litigant from raising all claims that were or mighthave been litigated in an earlier proceeding. Grava v. Parkman Twp.,73 Ohio St.3d 379, 382, 1995-Ohio-331, 653 N.E.2d 226. (Emphasis Added.) Res judicata may act as a bar even in the context where the prior proceeding was administrative in nature. As the Second District Court of Appeals stated:
"The question is not whether the issue * * * is of a constitutional nature, but whether this claim is based on the same set of facts and evidence that would have been material to the final decision of the [administrative agency], and any appeal that could have been taken therefrom. If the trial court so determines, then res judicata bars [appellant's] * * * action and necessarily bars his claims on the merits." Ensley v. City of Dayton (Aug. 16, 1995), Montgomery App. No. 14487.
Had appellant requested a hearing and received an adverse ruling from the administrative agency, he could have appealed that decision to a court capable of hearing both his constitutional and legal claims. However, he did not. Accordingly, we find that appellant's failure to appeal his suspension under R.C. 4509.101 precludes him from collaterally attacking the constitutionality of that statute in a subsequent criminal proceeding. It also precludes his challenge to the legality of the suspension.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.