DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, Fred S. Galovich, Ron Lewarchik, Joseph Walton and Mary Jo Bordonaro, appeal from the Erie County Court of Common Pleas order denying their request for declaratory judgment and injunctive relief. Because we find that the court did not abuse its discretion, we affirm. *Page 2 
 {¶ 2} Appellee, the Linwood Park Company, is an Ohio corporation incorporated in 1883, by leaders of the Evangelical United Brethren Church. Its primary function is to operate Linwood Park, a community of seasonal cottages located on the Lake Erie lakefront in Vermillion, Ohio. Appellants are shareholders of the Linwood Park Company and holders of 99-year renewable leases of building lots belonging to the Linwood Park Company.
 {¶ 3} On September 11, 2006, appellants filed a complaint seeking declaratory judgment and injunctive relief against appellees, Sara J. Cheheyl, trustee of the Sara J. Cheheyl revocable trust, Sara Cheheyl, R. Stephen Cheheyl and the Linwood Park Company. Appellants sought to enjoin appellees from convening a special shareholders' meeting of the Linwood Park Company which was scheduled for September 22, 2006. The purpose of the meeting was to vote on a new proposed code of regulations set forth by appellees. Appellants alleged that appellees, Sara and Stephen Cheheyl, as controlling shareholders of the Linwood Park Company, breached their fiduciary duties to appellants and other minority shareholders by using their status as controlling shareholders to propose the new code of regulations. Appellants alleged that the new code of regulations would effectively erode the rights of minority shareholders.
 {¶ 4} On September 22, 2006, the court granted appellants a preliminary injunction preventing appellees from conducting a shareholders' vote until the court reached a decision on appellants' pending complaint. *Page 3 
 {¶ 5} On October 25, 2006, appellants filed an amended complaint seeking a declaration that shareholder questions and actions be decided by a majority vote of all shareholders present rather than by the number of shares present and a declaration that all land held by the Linwood Park Company north of Liberty Avenue be restricted in use.
 {¶ 6} A trial date was scheduled for November 29, 2006. Following that testimony and post-trial briefs, the court, on January 16, 2007, ruled against appellants and denied their request for injunctive relief. Appellants now appeal setting forth the following assignments of error:
 {¶ 7} "I. The trial court erred in declaring that there is no restriction upon the lands of Linwood Park and that the corporation may sell, lease, and otherwise deal with its real estate north of Liberty Avenue as it sees fit subject only to any contractual lease rights previously granted to any third party.
 {¶ 8} "II. The trial court erred in not declaring that the Linwood Park company board of directors did not have the authority to take an action on February 22, 2006 to regulate the manner in which share certificates of the company may be transferred."
 {¶ 9} Appellants' first assignment of error concerns the trial court's declaration that: "[L]inwood Park Company may sell, lease and otherwise deal with its property north of Liberty Avenue as it sees fit." Appellants contend that by virtue of its dedication as a public park as evident in the original plat map recorded in 1884, the property cannot be sold, leased, or transferred. *Page 4 
 {¶ 10} The decision to grant declaratory relief is a matter within the sound discretion of the trial court. O'Donnell v. State, 4th Dist. No. 05CA3022, 2006-Ohio-2696, ¶ 8; Arbor Health Care Co. v. Jackson (1987),39 Ohio App.3d 183, 185. Accordingly, we will not reverse the trial court's grant of the appellees' complaint for declaratory relief unless the trial court abused its discretion. Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} "A dedication is a voluntary and intentional gift or donation of land, or of an easement or interest therein for some public use, made by the owner of the land, and accepted for such use, by or on behalf of the public." Mastera v. Alliance (1987), 43 Ohio App.3d 120, 120-121; citing Becker v. Cox (June 10, 1985), Butler App. No. CA84-04-044, at 6-7. "Dedication of land * * * creates an easement for public use, if the dedication is at common law, or a determinable or qualified fee in a municipality or other public agency, in the case of a statutory dedication." Trotwood Congregation of Jehovah's Witnesses, Dayton v.Measel (Feb. 4, 1993), 2d Dist. No. 13471.
 {¶ 12} The dedication at issue can be found in plaintiffs' exhibit 14 which is the plat map of Linwood Park recorded in Erie County on August 2, 1884. It reads in pertinent part:
 {¶ 13} "Before me C. B. Winters a notary public in and for said county personally appeared Adam Bornheimer who hereby acknowledged that he is the secretary of the *Page 5 
Linwood Park Company and their agent duly authorized in writing for the acknowledgment of the annexed plat of land owned by said Linwood Park Co. a corporation of the State of Ohio which is hereby dedicated as an annexation to the incorporated Village of Vermilion Erie County, O under the laws of the State of Ohio in every respect except that the streets laid out on said map are not dedicated for public use and the title to the same is not vested in the village of Vermilion but the title to the same shall forever be and remain in said Linwood Park Company under such rules and regulations as said park company may prescribe for the use of purchasers of lots abutting thereon and other parties having access thereto and the vacant space of about nine (9) acres not subdivided into lots is received for a public park and the title therein shall remain vested in said Linwood Park Company subject to its rules and regulations * * *."
 {¶ 14} The amended articles of incorporation of the Linwood Park Company states in pertinent part that the purpose of the Linwood Park Company is to:
 {¶ 15} "* * * acquire, own, hold and use real estate for the purpose of holding religious meetings and conducting and operating a park thereon, and to buy, sell, lease and otherwise deal in real estate; to own, construct, operate, lease, buy and sell houses and cottages and to establish, provide, maintain, own, lease and operate rooms and facilities, hotels, restaurants, stores and concessions; to do any and all things necessary, convenient or expedient for the accomplishment of any of the purposes aforesaid and to transact any business incidental to the same." *Page 6 
 {¶ 16} The company's code of regulations directs the Board of Directors to "* * * fix the price of building lots and regulate the sale of same. * * *"
 {¶ 17} The right or title of the public to the use of dedicated property may be made subject to qualifications and conditions or subject to future defeasance. Crippen v. President etc., of Ohio University
(1843), 12 Ohio 96. Here, the dedication of the park was made subject to the rules and regulations of the Linwood Park Company. The articles of incorporation and the regulations give the Linwood Park Company authority to sell, lease or otherwise transfer the property it owns such as the park. We find that the trial court did not abuse its discretion in declaring that the Linwood Park Company has the right to buy, sell, lease or otherwise deal with the property north of Liberty Avenue. Appellants' first assignment of error is found not well-taken.
 {¶ 18} In their second assignment of error, appellants contends that the court erred in failing to determine that the Board of Directors lacked authority to remove restrictions on stock transfers by a vote on February 22, 2006. This matter was not raised in appellants' complaint for declaratory judgment. Accordingly, the trial court did not err in failing to resolve the issue in its decision. Pentaflex, Inc., v.Express Services, Inc., (1998), 130 Ohio App.3d 209, Stover v.Progressive Cas. Ins. Co. (Mar. 25, 1988), 2d Dist. No. 87CA37, unreported. Appellants' second assignment of error is found not well-taken. All pending motions are moot and denied.
 {¶ 19} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal *Page 7 
pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1