[Cite as *Omnireal, Inc. v. Meyers Lake*, 2012-Ohio-5092.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| OMNIREAL, INC. | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2012 CA 00043 |
| VILLAGE OF MEYERS LAKE, et al. | |
| | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  2011 CV 03655


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      October 29, 2012


APPEARANCES:

For Plaintiff-Appellant              For Defendants-Appellees

CRAIG T. CONLEY                      PAUL J. PUSATERI
604 Huntington Plaza                 THOMAS R. HIMMELSPACH
220 Market Avenue South              4684 Douglas Circle NW
Canton, Ohio  44702                  Canton, Ohio  44718

*Wise, J.*

{¶1}    Plaintiff-Appellant Omnireal, Inc. appeals the decision of the Stark County Court of Common Pleas, which granted Defendant-Appellee Village of Meyers Lake's motion to dismiss appellant's complaint for declaratory judgment regarding a zoning ordinance. The relevant facts leading to this appeal are as follows.

{¶2}    Appellant owns certain real property in the Village of Meyers Lake in Stark County. At all times relevant, appellant's property was used as a facility to sell automobiles.

{¶3}    In July 2011, the Meyers Lake Village Zoning Inspector issued a violation notice and stop order to appellant, stating that appellant's use of the property was in violation of the village's zoning ordinances.

{¶4}    On November 14, 2011, appellant filed a civil complaint in the Stark County Court of Common Pleas against the village and the village's zoning inspector, seeking injunctive relief and a declaratory judgment as to the constitutionality of the Meyers Lake zoning prohibition against automobile sales operations within the village.

{¶5}    On January 20, 2012, appellee filed a motion to dismiss appellant's action. On January 13, 2012, following a non-oral hearing, the trial court issued a final judgment entry dismissing said declaratory judgment action on the grounds that the need for a decision on the constitutional issues had not yet arisen, particularly noting that appellant had "also pursued administrative remedies through an appeal to the

Board of Zoning Appeals" and "by appealing the Board's decision to Council." Judgment Entry, January 31, 2012, at 1, 2.[1]

{¶6}    Appellant filed a notice of appeal on February 29, 2012. It herein raises the following sole Assignment of Error:

{¶7}    "I.    THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S/ APPELLANT'S DECLARATORY JUDGMENT ACTION."

I.

{¶8}    In its sole Assignment of Error, appellant contends the trial court erred in dismissing its declaratory judgment action concerning the constitutionality of the village zoning ordinance at issue. We disagree.

{¶9}    R.C. 2721.02(A) states in pertinent part: "Subject to division (B) of this section, courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. ***."

{¶10} The granting of declaratory judgment relief is a matter of judicial discretion. *Stark-Tuscarawas-Wayne Joint Solid Waste Management Dist. v. Republic Services of Ohio II, LLC,* Stark App. No. 2004-CA-00099, 2004 WL 2406553, citing *Control Data Corp. v. Controlling Bd. of Ohio* (1983), 16 Ohio App.3d 30, 35, 16 OBR 32, 36-38, 474 N.E.2d 336, 342. A trial court's declaratory judgment cannot be disturbed on appeal absent a showing that the trial court abused its discretion. *Id. See, also, Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1141-1142. The term abuse of discretion connotes more than an error of law or

---

[1]  According to a "motion for remand" filed with this Court by appellant shortly before the oral arguments in this appeal, the BZA appeal subsequently became an appeal to the Stark County Court of Common Pleas under case number 2012 CV 01077. The specifics of that case are dehors the present appellate record.

judgment, it implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Id.* The Ohio Supreme Court has concluded:  "[A] determination as to the granting or denying of declaratory relief is one of degree. Although this court might agree or disagree with that determination, our decision must be whether such a determination is reasonable." *Bilyeu v. Motorists Mut. Ins. Co.* (1973), 36 Ohio St.2d 35, 37, 303 N.E.2d 871. In the realm of zoning law, "*** a successful declaratory judgment challenge must demonstrate, beyond fair debate, that the zoning classification is unconstitutional, unreasonable and not substantially related to the public health, safety, morals or general welfare." *Mayfield–Dorsh, Inc. v. S. Euclid* (1981), 68 Ohio St.2d 156, 161, 429 N.E.2d 159.

**{¶11}** The trial court in the case sub judice recited language from *Fairview General Hospital v. Fletcher* (1992), 63 Ohio St. 3d 146, 149, that "it [is] preferable for [a] plaintiff to have exhausted its administrative remedies prior to seeking declaratory relief in the common pleas court in order to avoid unnecessarily deciding the constitutional issue."[2]

**{¶12}** Appellant nonetheless directs us to *State ex rel. Columbus S. Power Co. v. Sheward* (1992), 63 Ohio St.3d 78, 81, wherein the Ohio Supreme Court determined that an administrative agency is without jurisdiction to determine the constitutional validity of a statute. Appellant additionally recites *Jones v. Village of Chagrin Falls* (1997), 77 Ohio St. 3d 456, 460-461, wherein the Ohio Supreme Court held: "Because

---

[2] A review of *Fairview General* reveals that the Ohio Supreme Court affirmed and adopted the decision of the Tenth District Court of Appeals and attached the appellate decision to the Supreme Court's decision as an appendix. The adopted decision, at the point of the above quote, references *Arbor Health Care Co. v. Jackson* (1987), 39 Ohio App.3d 183, 530 N.E.2d 928.

administrative bodies have no authority to interpret the Constitution, requiring litigants to assert constitutional arguments administratively would be a waste of time and effort for all involved." Based on this precedential guidance, appellant essentially maintains that it had no administrative remedy as to its facial constitutional challenge to the village's zoning ban on the sale of automobiles, and therefore its declaratory judgment action in the case sub judice should have been addressed by the trial court. Appellant's Brief at 4.

**{¶13}** However, under the circumstances of the case sub judice, the trial court could have properly determined that appellant's then-pending BZA administrative appeal (which later became case number 2012 CV 01077) might result in a favorable decision for appellant, simply on the merits and absent any constitutional claims. Moreover, contrary to appellant's present contention that an administrative constitutional remedy would be futile in the other case, "[t]he Supreme Court of Ohio has held that an appellant may raise a facial constitutional challenge in an administrative appeal even where the appellant did not raise that challenge before the commission or agency." *State ex rel. Kingsley v. State Emp. Relations Bd.,* Franklin App.No. 09AP–1085, 2011–Ohio–428, ¶ 18, citing *Reading v. Pub. Util. Comm.,* 109 Ohio St.3d 193, 195-96, 846 N.E.2d 840, 2006-Ohio-2181. Accordingly, while we must recognize the Ohio Supreme Court's determination that failure to exhaust administrative remedies is not a necessary prerequisite to an action challenging the constitutionality of an ordinance (*Jones, supra,* at 460), in this instance, where a separate BZA appeal had already been commenced by appellant by the time of the dismissal decision at issue, we are unpersuaded the trial court erred or abused its discretion in concluding that the necessity for a constitutional

review of the zoning ordinance at issue had not arisen in the context of the declaratory judgment action, and thereby dismissing same.

**{¶14}** Appellant's sole Assignment of Error is therefore overruled.

**{¶15}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Delaney, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0925

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


OMNIREAL, INC.                                  :
                                                :
    Plaintiff-Appellant                     :
                                                :
-vs-                                            :                JUDGMENT ENTRY
                                                :
VILLAGE OF MEYERS LAKE, et al.                  :
                                                :
    Defendants-Appellees                    :                Case No. 2012 CA 00043


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to appellant.


_____


_____


_____

                        JUDGES