BROKAMP *v.* LINNEMAN ET AL.

*Landlord and tenant—Lease not void upon breach of condition—Declaration of forfeiture by lessor necessary, when —Waiver of forfeiture for assignment or subletting— Knowledge by lessor and acceptance of rents.*

1. A breach of a condition against assignment of a lease does not render the lease void, but voidable only, at the option of the lessor, and in order to take advantage of the same the lessor must declare a forfeiture by some positive act.
2. Where the lessor knows that the lessee has sublet a portion of the leased premises and is contemplating the sale of his business and the assignment of his lease, and for a period of about eighteen months after such assignment accepts the rental stipulated in the lease, and allows the assignee to continue in possession after full knowledge of the assignment, the lessor thereby waives the right of forfeiture provided for in the covenant of the lease against assignment or subletting.

(Decided December 10, 1923.)

[1] Landlord and Tenant, 35 C. J. § 253; [2] Id., § 255.

ERROR: Court of Appeals for Hamilton county.

*Mr. A. L. Tischbein* and *Mr. H. A. Nieberding,* for plaintiff in error.
*Mr. Eli J. Frankenstein,* for defendants in error.

BUCHWALTER, J.    The defendants in error, plaintiffs below, brought an action against Nicholas Brokamp, now plaintiff in error, to recover the possession of certain real estate in the city of Cincinnati, Ohio.

Plaintiffs below were two of the heirs having title to the real estate in question and were parties to a lease for the premises executed to one James Boyd for a period of ten years from May 1, 1915, to April 30, 1925, at a rental of thirty-five dollars per month. Subsequent to the execution of this lease, and prior to September 9, 1920, the plaintiffs became the sole owners of the premises.

The lease to Boyd contained the following provision:

"And said lessee    *    *    *    does hereby covenant and agree with said lessors    *    *    *    that he will not assign this lease nor underlet said premises nor any part thereof without the written consent of said lessors, and also if said lessee shall assign this lease or underlet said leased premises, or any part thereof    *    *    *    without the written consent of said lessors    *    *    *    first had    *    *    *    it shall be lawful for said lessors, their heirs, or assigns, into said premises to re-enter, and the same to have again, repossess and enjoy, as in first and former estate, and thereupon this lease

and everything herein contained on the said lessors' behalf to be done and performed shall cease, determine and be utterly void.''

On September 9, 1920, Boyd assigned and transferred his interest in the unexpired term of said leasehold estate to Nicholas Brokamp, defendant below, who entered into the possession of the property. It appears from the evidence that prior to this time Boyd had sublet a portion of the premises to one Lewis.

There is some conflict of testimony as to when Linneman learned of the assignment to Brokamp. However, Linneman knew prior to September 9, 1920, that Boyd was contemplating the sale of his business and assignment of the lease; and, further, about that time Boyd discussed the matter with him, and Brokamp also spoke to him about it within a few days after he took possession.

There is some conflict of testimony as to a conversation between Linneman and Brokamp as to giving security for the lease. But the lease is still in existence.

There was no attempt prior to the bringing of this action to declare a forfeiture of the lease or to secure possession of the premises. A breach of a condition against assignment of a lease does not work a forfeiture; nor does it divest the title of the lessee. It is a clause inserted for the benefit of the lessor only. The lease is not thereby rendered void, but voidable, at the option of the lessor, and the lessor, in order to take advantage of the same, must, by some positive act, declare a forfeiture.

From the facts of this case the lessor knew that

Boyd had sublet a portion of the premises to one Lewis; that Boyd contemplated making a sale of his business, and an assignment of the lease. Some dissatisfaction may have been expressed by the landlord, but the evidence is uncontradicted that for a period of about eighteen months Linneman accepted the rental stipulated in the lease and allowed Brokamp to continue in possession after full knowledge of the assignment.

A lessor on condition broken by lessee may elect to forfeit the lease, or to waive the forfeiture. Such election is necessary where a lease contains a re-entry or forfeiture clause. If after knowledge of the breach, the lessor, prior to taking any action to forfeit the lease, accepts rent from the lessee, or his assignee, which rent accrued after the breach, he waives the right of forfeiture.

It is said in 1 Taylor on Landlord and Tenant, Section 287:

"The forfeiture of a lease by breach of any other condition may be waived, in the same manner as a forfeiture for non-payment of rent, or a notice to quit; for if the landlord subsequently does any act, with knowledge of the breach, which can be considered as an acknowledgment of a tenancy, still subsisting, he will be held to have waived the forfeiture."

See also *Gulf, Colorado & S. F. Ry. Co.* v. *Settegast,* 79 Tex., 256; *Garnhart* v. *Finney,* 40 Mo., 449, and *O'Keefe* v. *Kennedy,* 57 Mass. (3 Cush.), 325.

The breach having been waived, the court of common pleas erred in entering judgment for the plaintiffs below. The judgment should have been entered for the defendant.

We will enter the judgment here that the court of common pleas should have entered.

*Judgment reversed and judgment for plaintiff in error.*

CUSHING and HAMILTON, JJ., concur.