OPINION
Defendant-appellant Jack Koury appeals the September 20, 1999 Judgment Entry of the Canton Municipal Court which ordered appellant to deliver his property to his lessee, plaintiff-appellee Muhammad Malka.
 STATEMENT OF THE CASE AND FACTS
This matter arises out of a dispute over a lease agreement. Initially, Mr. Malka entered into a lease agreement with Kirk and Patricia Mittas (hereinafter collectively referred to as "Mittas") for the premises located at 914 12th Street, N.E., in Canton, Ohio. The lease provided for a term of five years beginning September 1, 1995, and a rent of $450.00 per month. Paragraph 4(e) of the lease prohibited Mr. Malka from subleasing the premises without the express written consent of Mittas. The agreement stated, in relevant part: [Mr. Malka will] not assign this lease nor under let the storeroom on said premises or any part thereof, without the written consent of said Lessor, provided, however, such consent shall not be unreasonably withheld. No consent shall be required to assign this Lease to a corporation of which the Lessee has a majority stock interest provided, however, in the case of any assignment of sublease, the Lessee shall remain personally liable to perform all the terms of this Lease.
The agreement also contained a provision requiring Mittas to repair any damage to the leasehold premises under certain conditions. This provision was contained in Paragraph 5(b) of the lease, and states: If the premises shall be destroyed or so injured by the elements or other cause as to be unfit for the carrying on of the Lessee's business, Lessee shall not be liable for payment of rent during the time the premises are unfit for occupancy. Lessor agrees to restore the untenable premises to a good and usable condition at the Lessor's expense within one hundred twenty (120) days. Lessee may, at its option, elect to occupy a part of the premises during the period of reconstruction and the rent shall be abated in proportion to the amount of the premises not used. The term hereof shall be extended for such length of time that the rent is so abated.
On May 8, 1997, Mr. Malka entered into a sublease agreement for the Mittas property entitled "Lease Agreement with Option to Purchase" (hereinafter referred to as "Sublease") with Mohammad Al-Rashdan. Pursuant to the sublease, Malka agreed to sublet the property to Mr. Al-Rashdan. Mr. Al-Rashdan operated a convenience store in these premises until November, 1998, when a fire rendered the premises unfit for continued use. Mittas began the restoration of the leased premises pursuant to paragraph 5(b) of the lease agreement. However, on February 25, 1999, Mittas sold the property, subject to the lease, to appellant. Thereafter, appellant chose to halt the remodeling efforts. As a result, Mr. Al-Rashdan was unable to re-open the convenience store. On May 18, 1999, Mr. Malka filed a complaint in the Canton Municipal Court, alleging breach of contract and asserting his right to the equitable remedy of replevin. The complaint named Mittas and appellant as defendants. Thereafter, on June 28, 1999, appellant filed his answer to the complaint and a third party complaint against Mr. Al-Rashdan, the sublessee of the premises. On July 28, 1999, Mr. Malka filed an amended complaint which eliminated the Mittas defendants. The matter proceeded to a trial to the court on September 2 and 3, 1999. After testimony and exhibits, the trial court took the matter under advisement. In a September 20, 1999 Judgment Entry, the trial court found in favor of Mr. Malka and ordered appellant to redeliver the leasehold premises to Mr. Malka for the remainder of the lease term, increased by the time Mr. Malka was wrongfully removed from the premises. It is from that judgment entry appellant prosecutes this appeal, assigning the following as error:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT DEFENDANT MITTAS HAD WAIVED A FORFEITURE OF THE LEASE.
 II. THE TRIAL COURT ERRED IN FAILING TO DETERMINE WHETHER APPELLEE MALKA TERMINATED HIS LEASE WITH DEFENDANT MITTAS.
 I
In his first assignment of error, appellant maintains the trial court's finding appellant waived a forfeiture of the lease was against the manifest weight of the evidence. We disagree. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. A provision in a lease declaring the lease may not be assigned without the lessor's written consent may be waived by the lessor. Brokamp v. Linneman (1923), 20 Ohio App. 199. Such restrictions are viewed as restraints against the alienation of property and are strictly construed against the lessor. Fairbanks v. Power Oil Co. (1945),81 Ohio App. 116, 122. In order to take advantage of the clause, the lessor must, by some positive act, declare a forfeiture. Brokamp, supra at 201. In specifically referring to the provisions of a lease, the Brokamp court held: A lessor on condition broken by lessee may elect to forfeit the lease, or to waive the forfeiture. * * * If after knowledge of the breach, the lessor, prior to taking any action to forfeit the lease, accepts rent from the lessee, or his assignee, which rent accrued after the breach, he waives the right of forfeiture.
Id. at 202. (Emphasis added).
Accordingly, we look to the record to determine whether Mittas waived their right to forfeit the lease. At trial, Mr. Mittas testified he was never told about the sublease to Mr. Al-Rashdan and never received a copy of it. However, Mr. Mittas admitted he received rent checks for the leased premises signed by Mr. Al-Rashdan. In fact, in one case, Mr. Mittas filled-in the payee line for Mr. Al-Rashdan to sign. T. at 83-84. In its judgment entry, the trial court states: The record before the court is clear that Mittas was aware of the subletting to Al-Rashdan and acquiesced in his use of the leased premises. The court finds that Mittas waived, as a basis for declaring a forfeiture of the lease, the subletting to Al-Rashdan.
We find the record contains competent, credible, circumstantial evidence Mittas knew Mr. Malka had sublet the premises but took no action to terminate the lease. Mittas waived his right to forfeit under the lease when he learned of the sublease, took no action to terminate the lease based upon the breach, and accepted rent from the sublessee. Accordingly, appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court erred in failing to determine whether Mr. Malka ever terminated his lease with Mittas. Specifically, appellant contends the trial court should have addressed the issue of termination in its findings because the issue was raised in the pleadings and evidence surrounding a possible termination of the lease was presented at trial. A trial court is not required by statute to announce findings of fact and conclusions of law. See Simpson v. Byrider, (Feb. 7, 2000), Stark App. No. 1999CA00135, unreported. When findings of fact are not requested, and a party challenges the judgment on the basis of manifest weight of the evidence, we must affirm if there is some evidence in the record to support the judgment. Ruby v. Ruby (Aug. 11, 1999) Coshocton App. No. 99-CA-4, unreported. The failure to file a timely request for findings of fact and conclusions of law waives the right to challenge the trial court's lack of an explicit finding with respect to a change in circumstances. Ruby v. Ruby (Aug. 11, 1999), Coshocton App. No. 99 CA 4, unreported. In its judgment entry the trial court stated: Since the original lease (plaintiff's exhibit no. 1) is enforceable by Malka, the obligations under the lease rests [sic] upon [appellant]. [Appellant] assumed the lease obligations upon the transfer of the property subject to the lease. The trial court's finding the lease was never terminated is implicit in the above-quoted passage. However, we further note appellant failed to file a request for findings of fact and conclusions of law. Without such a request, the trial court was under no obligation to prepare specific findings. Appellant's second assignment of error is overruled.
The September 20, 1999 Judgment Entry of the Canton Municipal Court is affirmed.
WISE, J. and READER, V.J. CONCUR.