OPINION
Plaintiff-appellant, Shaobin Zhou, appeals a Butler County Court of Common Pleas decision granting summary judgment in favor of defendant-appellee, Franchise Finance Corportion of America ("FFCA"). The trial court's decision is affirmed.
On January 24, 1995, FFCA entered into a lease agreement with Fortune House, Inc. ("Fortune House"). Fortune House leased the property located at 5086 College Corner Pike Road in Oxford, Ohio to operate a restaurant. On June 21, 1996, Fortune House assigned its interest in the lease to Dragon House, Inc. ("Dragon House"), with FFCA's consent.
The lease term expired March 31, 1998, but could be extended for two successive periods of four years each. To extend the lease, Dragon House was required to send notice of its intent to FFCA "not more than 210 days or less than 180 days before the term expired." All notices were required to be in writing, "and given by hand-delivery, facsimile, express overnight delivery service, certified or registered mail, return receipt requested." Dragon House did not exercise its option to extend the term, and the lease expired on March 31, 1998. The lease provided that the tenant could continue as a month-to-month tenant after the lease expired, and Dragon House did so.
Appellant purchased the restaurant business from Dragon House during January 1999. Appellant operated the Chinese restaurant under the name Hong Kong Garden in the premises owned by FFCA. The purchase agreement between appellant and Dragon House called for an assignment of the lease to appellant. Appellant took possession of the property in February 1999.
On February 1, 1999, FFCA received a letter from Dragon House which purported to include all of the information FFCA required in order to approve an assignment of the lease to appellant. The information provided was incomplete. Thereafter FFCA informed appellant's counsel, Charleston C.K. Wang ("Wang"), that appellant must vacate the property. On March 3, 1999, Wang sent a letter to FFCA acknowledging that FFCA had demanded that appellant vacate the property immediately. Wang also acknowledged that he informed appellant of FFCA's demand for appellant to vacate the premises.
Dragon House then submitted an authorization for automatic payment on April 26, 1999, which authorized FFCA to debit the checking account of Dragon House for the base monthly rental payments. FFCA began withdrawing the base monthly rental payments directly from Dragon House's account. FFCA did not know appellant had been funding the automatic withdrawals of the Dragon House account. FFCA was under the impression Dragon House was in possession of the property.
After discovering appellant was in possession of the property, FFCA provided appellant with forty-five days written notice to vacate the building on May 12, 2000. Thereafter, appellant sued FFCA seeking a declaratory judgment that appellant was the successor tenant, that FFCA waived its right to withhold consent to assignment of the lease, and that the lease was properly renewed.
FFCA moved for summary judgment on all claims and appellant filed a cross-motion for summary judgment. The trial court granted FFCA's motion for summary judgment and denied appellant's motion for summary judgment. The trial court found that FFCA did not expressly or constructively consent to the assignment of the lease to appellant, that FFCA did not waive its consent option, that FFCA had no knowledge that appellant had taken possession of the property, and FFCA provided appellant with the proper notice to vacate the property.
Appellant appealed the judgment and sought from the trial court a stay of any action to evict appellant from the property pending the appeal. The trial court granted the stay, but conditioned it upon appellant making monthly rent payments "each and every month." Appellant raises one assignment of error:
 The court erred in granting summary judgment for the defendant-appellee FFCA when there existed genuine issues as to material facts upon which reasonable minds construing the evidence in favor of plaintiff-appellant will fail to reach but one conclusion for the defendant-appellee FFCA, the existence of which barred summary judgment in favor of defendant-appellee FFCA.
Summary judgment is appropriate if the trial court, upon viewing the evidence in the light most favorable to the party against whom the motion is made, determines that (1) there are no genuine issues as to any material facts; (2) the movant is entitled to a judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C); Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. A party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claims. Desher v. Burt (1996), 75 Ohio St.3d 280, 293. If the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Id.; Civ.R. 56(E). This court reviews a trial court's decision to grant summary judgment de novo.Jones v. Shelly Co. (1995), 106 Ohio App.3d 440.
Appellant argues summary judgment was erroneously granted because Dragon House acquired written or constructive consent from FFCA to assign the lease. Appellant further contends FFCA waived its consent option regarding the assignment because FFCA had knowledge that appellant had taken possession of the property. Finally, appellant argues FFCA did not provide the required notice to vacate the property.
The assignment agreement provides that "Lessee [Dragon House] shall not, without the consent of Lessor [FFCA] (i) assign, transfer, convey, pledge or mortgage this lease or any interest therein, whether by operation of law or otherwise." Under paragraph two of the January 29, 1999, sales agreement wherein Yu-Lien Young ("Young") sold the Dragon House restaurant business to appellant, the assignment was contingent upon the approval of FFCA. It is a general principle of law that a "lessor can refuse to consent to a proposed assignment by a tenant for any reason when the lessor has unambiguously retained the right to do so in the lease." FL Center Co. v. The Cunningham Drug Stores (1998),19 Ohio App.3d 72, 75-76.
FFCA unambiguously retained the right to refuse to consent to a proposed assignment. The lease provides that "it is expressly agreed that Lessor may withhold or condition such consent [to assignment of the lease] based upon such matters as Lessor may in its sole discretion determine." FFCA stated in a February 9, 1999 letter to Dragon House, "you are hereby notified that FFCA has not given its consent to the sale of Lessee's business or an assignment of the lease" to appellant. FFCA never approved of the assignment to appellant. Therefore, FFCA never gave written or constructive consent to the assignment.
Appellant sent a rent check for $3,331.87 to FFCA dated January 29, 1999, along with a letter from appellant's attorney Wang requesting approval of the assignment by Dragon House to appellant. Even though the letter acknowledges that the sale of the Dragon House business is "subject to approval of the assignment of the lease," appellant maintains this gave FFCA notice that appellant had taken possession of the property. But this knowledge did not act as a waiver of the consent option regarding the assignment.
In pertinent part the lease provides, "no provision of this lease shall be deemed waived or amended except by written instrument unambiguously setting forth the matter waived or amended and signed by the party against which enforcement of such waiver or amendment is sought." Even though the lease states no provision shall be waived except in writing, a provision in a lease declaring that the lease may not be assigned without the lessor's consent may be waived by the lessor. See Brokamp v.Linneman (1923), 20 Ohio App. 199, 201. A waiver can occur if, "the landlord subsequently does any act, with knowledge of the breach, which can be considered as an acknowledgement of a tenancy, * * *." Id. at 202.
FFCA returned appellant's January 29, 1999 rent check with a reply to appellant's letter which stated, "Dragon House, shall remain obligated on the lease." The return of the rent check and the letter maintaining Dragon House's obligation cannot be considered an acknowledgement of appellant's tenancy. Furthermore, between February 1999 and September 2000, all payments to FFCA were made with checks drawn on a Dragon House account under the authorization for automatic payment. No evidence was presented that FFCA had knowledge that appellant had taken possession of the property and was funding the Dragon House account. Since the January 29, 1999 Hong Kong Garden $3,331.87 rent check was returned, all rent checks from February 1999 to September 2000 were drawn on the Dragon House account, and FFCA believed Dragon House was still in possession of the property and obligated on the lease, no waiver of the consent option occurred.
Appellant also claims that a rent check paid to FFCA on October 1, 2000, in the name of Hong Kong Garden, was accepted and demonstrates that FFCA had knowledge that appellant was in possession of the property. Appellant maintains this knowledge combined with accepting the rent check functions as a waiver of the consent option to the assignment of the lease. Since FFCA provided appellant with forty-five days written notice to vacate the building on May 12, 2000, it is obvious that by October 1, 2000, FFCA knew appellant was in possession of the property. But, it is well-settled authority in Ohio that "the mere acceptance of the rent is not an acknowledgment of the terms of the lease, nor a waiver of any rights thereunder." Bourdelis v. Trinity Cathedral (1929),31 Ohio App. 38, 41. Therefore, accepting the rent payment on October 1, 2000 did not act as a waiver of FFCA's right to refuse consent to an assignment of the lease.
Appellant next argues FFCA waived its consent option to an assignment of the lease by accepting monthly rental payments after the March 31, 1998 expiration of the lease. Even if it were true that accepting rent payments after this date would create a waiver, the lease provided that,
 if lessee remains in possession of the premises and the equipment after the expiration of the term hereof, lessee, at lessor's option and within Lessor's sole discretion, may be deemed a tenant on a month-to-month basis * * *.
Dragon House did not exercise its option to extend the term of the lease agreement which expired March 31, 1998. Therefore, Dragon House became a month-to-month tenant. Because Dragon House was a month-to month tenant, the only interest appellant could obtain from Dragon House was a month-to-month tenancy since an assignee "can take no better title than that of his assignor." Combes v. Chandler (1877), 33 Ohio St. 178,183. A month-to-month lease only requires thirty days notice to terminate. See R.C. 5321.17(B). FFCA gave appellant forty-five days notice to vacate. Therefore, FFCA provided appellant with the required notice to vacate the property.
Consequently, Dragon House failed to acquire written or constructive consent from FFCA to assign the lease to appellant. Since FFCA was unaware that appellant was funding the Dragon House account, there was no waiver of consent to the assignment. FFCA did not have knowledge that appellant was in possession of the premises, but once FFCA did acquire that knowledge, FFCA requested appellant to vacate the premises and provided appellant with adequate notice.
Upon viewing the evidence in the light most favorable to the party against whom the motion is made, we find that the trial court correctly determined that (1) there are no genuine issues as to any material facts; (2) the movant was entitled to a judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Therefore the assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.