JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-intervenor, Westfield Companies ("Westfield"), appeals from a common pleas court order finding that it had the duty to defend its insured, Ohio Valley Group, Inc. ("OVG"), in an action against OVG and others filed by plaintiff, The Oakwood Club ("Oakwood"). Oakwood's complaint alleged claims for professional negligence and breach of contract against OVG and others in connection with the installation of a drainage system for the bunkers on Oakwood's golf course.
 {¶ 2} Oakwood originally filed this action in October 2002. Oakwood's second amended complaint sought damages from defendants Kinney Golf Course Design, Jodie Kinney, and OVG for professional negligence and breach of contract. OVG and Kinney cross-claimed against one another; OVG also counterclaimed against Oakwood.
 {¶ 3} Westfield sought and was granted leave to intervene. Its intervening complaint sought a declaratory judgment that its policy did not provide coverage and that it had no duty to defend OVG, and alternatively that it was subrogated to Oakwood's rights against the other defendants to the extent that Westfield paid damages proximately caused by the other defendants. OVG and Kinney both counterclaimed against Westfield.
 {¶ 4} On February 27, 2004, Oakwood, Kinney and OVG dismissed all of their claims without prejudice. Westfield also dismissed its claims against Kinney without prejudice, but continued its claims against OVG. OVG continued its counterclaim against Westfield. These claims were submitted to the court on stipulated facts.
 {¶ 5} On April 11, 2005, the common pleas court issued its opinion and order, holding that Westfield had a duty to defend OVG against claims asserted by Oakwood in a separate action apparently refiled in September 2004. The court found, however, that Westfield's duty to indemnify OVG depended on facts regarding OVG's potential liability which would not be determined until the trial of Oakwood's claims against OVG. Therefore it was premature to decide Westfield's ultimate obligation to indemnify OVG. Westfield has appealed from this order.
 {¶ 6} OVG has moved this court to dismiss this appeal for lack of jurisdiction. OVG contends that the common pleas court's order does not dispose of all claims against all parties. The court's judgment also did not contain the Civ.R. 54(B) language that "there was no just reason for delay." Therefore, the order was not final and appealable.
 {¶ 7} We agree. The common pleas court's order did not dispose of Westfield's request for a declaratory judgment regarding its duty to indemnify OVG. The court's judgment did not include the Civ.R. 54(B) language indicating that there was no just reason for delaying the appeal of the judgment. Therefore, the order is not final and appealable. See Allstate Ins. Co. v.Soto (Nov. 30, 2000), Cuyahoga App. Nos. 78114-15.
Dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Sweeney, J. Concurs.