DECISION AND JUDGMENT ENTRY
{¶ 1} Joanne Corcoran, et al. ("Appellants") appeal the judgment of the Ross County Court of Common Pleas finding a purchase option F.W. Englefield, et al. ("Appellees") attempted to exercise was enforceable and sustaining the Appellees' motion for declaratory judgment. The Appellants assert that the trial court erred when it granted the declaratory judgment in favor of the Appellees, as the Appellees were not entitled to enforce the purchase option at issue because their predecessor in interest breached an express condition of the purchase option. Because we find that the *Page 2 
Appellees were entitled to exercise the purchase option, we affirm the judgment of the trial court.
 I. Facts {¶ 2} On September 20, 1965, the Appellants entered into a written lease with the Standard Oil Company of Ohio for a parcel of real estate located on North Bridge Street in Chillicothe, Ohio. The initial term of the lease was twenty years, commencing on April 1, 1966, and ending on March 31, 1986. The lease included an option to extend the lease term by two additional successive periods of ten years, expressly conditioned upon the lessee's compliance with all the terms of the lease.
 {¶ 3} During the term of the lease, the lessee, the Standard Oil Company of Ohio, was succeeded by the Sohio Oil Company. Sohio was, in turn, succeeded by BP Exploration Oil, Inc. BP Exploration Oil was later succeeded by BP Products of North America.
 {¶ 4} By agreement dated August 14, 2001, the Appellees entered into a contract to purchase the assets of a gas station located on the leased property from BP Products of North America. On December 5, 2001, BP Products of North America assigned to the Appellees all of its rights in the lease. *Page 3 
 {¶ 5} The subject lease contains a provision entitled "Purchase Option." This provision states: "As part of the consideration hereof lessee is hereby granted the privilege and option of purchasing the leased property at the completion [of the lease term]." The provision further conditioned the lessee's privilege to exercise the purchase option in the following manner: "The aforesaid right and privilege to purchase the leased property is expressly conditioned upon complete performance of all of the terms of this lease by the lessee to the date of exercise of said option * * *[.]"
 {¶ 6} In September 2003, the Appellees notified the Appellants that they intended to exercise the purchase option. The Appellants refused to sell the property on the grounds that the purchase option was no longer enforceable due to a prior lessee's violation of the condition to the purchase option which required "complete performance of all the terms of [the] lease." The violation the Appellants cited was waste of their property, which dated back to 1987.
 {¶ 7} On May 23, 1980, the Standard Oil Company, as permitted by the lease, subleased a portion of the leased property to one Don Bunch. The subleased portion consisted of 0.156 acres and was subleased solely for the use by the lessee for driveway and identification sign purposes, or as an easement. The easement covered a strip of land 34 feet wide. Subsequently, *Page 4 
Mr. Bunch assigned his easement rights to the North Bridge Development Company. On March 11, 1987, the North Bridge Development Company signed a plat which dedicated the easement to the city to be used in connection with North Plaza Boulevard.
 {¶ 8} On September 12 and 20, 2003, the Appellees notified the Appellants that they would be exercising the purchase option contained within the lease. Shortly thereafter, the Appellants notified the Appellees that the Appellants felt that the purchase option was not longer valid, and thus, the Appellees could not exercise it. On December 12, 2003, the Appellees filed a complaint for declaratory judgment urging the trial court to hold that the purchase option was valid and enforceable and that the Appellants were required to recognize the exercise of the option by the Appellees and proceed with the sale of the property. On December 1, 2004, the Appellants filed a counterclaim seeking a declaration that the first refusal option on the sale or lease of the property at issue was valid and enforceable, rendering the purchase option under the aforementioned lease unenforceable.
 {¶ 9} On May 22, 2006, the trial court filed a decision and order finding that the option to purchase was enforceable and that the Appellees had the right to purchase the property at issue. The Appellants now appeal this decision, asserting the following assignment of error: *Page 5 
 {¶ 10} 1. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING A MOTION FOR DECLARATORY JUDGMENT IN FAVOR OF PLAINTIFFS-APPELLEES.
 II. Standard of Review {¶ 11} The Appellants assert that the trial court erred when it granted the Appellees' motion for declaratory judgment. The decision to grant declaratory relief is a matter within the sound discretion of the trial court. State v. O `Donnell, Scioto App. No. 05CA3022,2006-Ohio-2696, at ¶ 8; Arbor Health Care Co. v. Jackson (1987),39 Ohio App.3d 183, 185, 530 N.E.2d 928. Accordingly, we will not reverse the trial court's grant of the Appellees' complaint for declaratory relief unless the trial court abused its discretion. Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 12} The case sub judice also involves the interpretation of the lease agreement in connection with the option to purchase and the first refusal option. The construction of written contracts and instruments of conveyance is a matter of law. Graham v. Drydock Coal Co. (1996),76 Ohio St.3d 311, 313, citing Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 374 N.E.2d 146. Unlike determinations of fact which are given great *Page 6 
deference, questions of law are reviewed by a court de novo. Yahraus v.City of Circleville, Pickaway App. No. 01CA1, 2001-Ohio-2538, at *4, citing Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108, 652 N.E.2d 684.
 {¶ 13} The cardinal purpose for judicial examination of any written instrument is to ascertain and give effect to the intent of the parties.Fenstermaker v. Whitaker, Pickaway App. No. 00CA40, 2001-Ohio-2649, a *4, citing Aultman Hosp. Assn. v. Community Mut. Ins. Co. (1989),46 Ohio St.3d 51, 53, 544 NE.2d 920. The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement. Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130,509 NE.2d 411, paragraph one of the syllabus. A court should strive to give effect to the plain meaning of a contract. Yahraus, supra, at *4, citing Cleveland Elec. Illuminating Co. v. Cleveland (1988),37 Ohio St.3d 50, 524 NE.2d 441. As long as a contract is clear and unambiguous, the court need not concern itself with rules of construction nor go beyond the plain language of the agreement to determine the rights and obligations of the parties. Yahraus, supra, at *4, citing SeringettiConstr. Co. v. Cincinnati (1988), 51 Ohio App.3d 1, 553 NE.2d 1371. However, the court must also give effect to all the terms of a contract, neither deleting nor adding words. Cleveland Elec. IlluminatingCo., *Page 7 
supra, at paragraph three of the syllabus. Additionally, if the primary purpose of the contract can be ascertained, the court shall give it great weight. Yahraus, supra, at *4.
 III. Argument {¶ 14} The Appellants argue that the trial court erred when it granted the Appellees' motion for declaratory judgment. They contend that a lessee prior to the Appellees breached a provision which conditioned the lessee's privilege to exercise the purchase option upon complete performance of all the terms of the lease. Thus, the Appellants contend that as successors in interest, the Appellees do not have the ability to exercise the purchase option. The Appellants also contend that the purchase option and first refusal option are inconsistent with one another, rendering the purchase option inapplicable.
 A. Purchase Option {¶ 15} The Appellants contend that the Appellees do not have the ability to exercise the purchase option, as their predecessors in interest breached the provision requiring the complete performance of all terms of the lease prior to exercising such option. As set forth supra, on May 10, 1984, Don Bunch assigned all of his interest in the 34-foot right of way easement to North Bridge Development Company. On March 11, 1987, *Page 8 
North Bridge Development Company filed a plat of North Plaza Boulevard, which included its assigned rights in the easement and dedicated the plat of North Plaza Boulevard to public use. The plat was filed for record with the Ross County Recorder on March 30, 1987.
 {¶ 16} At trial, Joanne Corcoran testified that she and other members of her family were aware that North Plaza Boulevard was being constructed adjacent to their property. Neither she, nor any other member of the Corcoran family, ever objected to the construction of the street, nor did they place the City of Chillicothe, BP America, or North Bridge Development Company on notice of any objection to the fact that the street was being built within the assigned easement. No interest in the property owned by Appellants, other than the 34-foot easement, has ever been assigned to any individual or entity, and the city holds only an assigned sublease for the portion of North Plaza Boulevard situated on the 34-foot right of way.
 {¶ 17} Under the terms of the lease, the lessees and their assigns had the right to assign or sublease any portion of the property without the consent of the lessors. This included the easement at issue. The Appellants assert that the prior lessee's use of the property amounted to waste, and therefore, the terms and conditions permitting the exercise of the option have been breached. "Waste" is defined in Black's Law Dictionary (8th ed., *Page 9 
2004) as "[permanent harm to real property committed by a tenant (for life or for years) to the prejudice of the heir, the reversioner, or the remainderman." Assignment of the property by the lessees and their assigns was permitted by the lease; it also did not cause permanent harm to the real property at issue. Therefore, the lessees and their assigns did not commit waste to the property. The Appellees had the right to sublease the easement rights in the property until the lease ended. Had the Appellees not attempted to exercise the right to purchase the property, then at the end of the lease the Appellants could have demanded that the City of Chillicothe compensate them for the continued use of the easement or purchase the fee interest from the Appellants.
 {¶ 18} Even assuming arguendo that the Appellees' predecessors in interest had breached a condition in the lease, a breach of a condition in a lease does not render the lease void, but voidable at the option of the lessor. Brokamp v. Linneman (1923), 20 Ohio App. 199, 201,153 N.E. 130. In order to take advantage of the claimed breach, the lessor must declare a forfeiture by some positive act. Id. If the lessor knows of the breach, but ignores it and permits the lessee to remain in possession of the premises while continuing to accept the benefits under the lease, the lessor has waived his right of forfeiture based on the claimed breach. Id. at 202. In Brokamp, *Page 10 
supra, the lessor was aware for a period of approximately eighteen months that the lessee had subleased a portion of the leased premises and was contemplating the sale of his business and an assignment of the lease in violation of the lease agreement, but permitted the lessee to remain in possession of the premises and continued to accept rent. The court held that this constituted a waiver. Id. In light of this decision, we hold that the Appellants waived their right to take advantage of the claimed breach, as they permitted the prior lessee to remain in possession of the premises and continued to accept rent on the property.
 B. Right of First Refusal {¶ 19} The Appellants also contend that the purchase option and first refusal option are inconsistent with one another, rendering the purchase option inapplicable. As stated supra, courts must strive to give effect to all the terms of a contract, neither deleting nor adding words.Cleveland Elec. Illuminating Co., supra. A review of the agreement shows that the right to purchase the leased property was enforceable only at the end of the lease term. Although the Appellees gave the Appellants notice of their intention to exercise the option to purchase prior to the end of the lease, they could not require the Appellants to sell the property to them until the end of the term. *Page 11 
This restriction preserved the Appellants' right to continue to receive the benefits of the lease until it ended.
 {¶ 20} In contrast to the purchase option, the right of first refusal gave the Appellants the right to sell the property prior to the expiration of the lease term. Purchasers would take the property subject to the terms of the recorded lease. If an offer had been made to purchase the property, the lessees would have either had to match the price or continue with their leasehold interest.
 {¶ 21} Our review of the provisions at issue shows that the option to purchase and the right of first refusal are not at odds with one another. Giving effect, therefore, to the plain meaning of the contract, we find that the option to purchase was effective and enforceable at the point in time at which the Appellees attempted to exercise it.
 IV. Conclusion {¶ 22} In our view, the trial court did not abuse its discretion in finding that the purchase option was effective and enforceable. The Appellants waived their right to take advantage of the claimed breach by a prior lessee, as they permitted the lessee to remain in possession of the premises after the alleged breach and continued to accept rent on the property. Therefore, the option was still enforceable at the time the Appellees attempted to exercise *Page 12 
it. Additionally, the option to purchase and the right of first refusal as set forth in the agreement are not at odds with one another. Thus, the purchase option was effective at the time of attempted exercise. Accordingly, we find that the trial court did not err when it granted the Appellees' motion for declaratory judgment, and we affirm its decision.
JUDGMENT AFFIRMED.