DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Lorain Metropolitan Housing Authority ("LMHA"), appeals the judgment of the Elyria Municipal Court which entered judgment on behalf of appellee, Tameka Noel, and dismissed appellant's complaint for forcible entry and detainer. This Court affirms.
 I. {¶ 2} Appellant filed its complaint on April 21, 2006, seeking restitution of the premises inhabited by appellee due to appellee's failure to pay rent for the month of March 2006. Appellant served appellee with a notice of termination of *Page 2 
lease by regular mail on March 13, 2006. The grounds asserted in the notice of termination of lease were appellee's nonpayment of rent for March 2006. On March 23, 2006, appellant personally served appellee with a notice to leave the premises. The grounds asserted in the notice to leave the premises were appellee's nonpayment of rent for March 2006.
 {¶ 3} The matter proceeded for hearing before the magistrate. The magistrate entered judgment for appellee. Appellant timely filed objections to the magistrate's decision. The trial court adopted the magistrate's decision and entered judgment for appellee. Appellant timely appeals, setting forth four assignments of error for review. Because appellant asserts that its first three assignments of error support the ultimate error it assigns in the fourth, this Court consolidates the assignments of error for ease of review.
 II. ASSIGNMENT OF ERROR I "THE LOWER COURT ERRED IN FINDING THAT LMHA REQUIRES A TENANT TO COMMENCE ADMINISTRATIVE PROCEEDINGS TO CONTEST A CHARGE."
 ASSIGNMENT OF ERROR II "THE LOWER COURT ERRED IN FINDING A TENANT MUST BE UNCONDITIONALLY PERMITTED TO PAY HER RENT WITHOUT PAYING OTHER CHARGES AND/OR IN FINDING THAT LMHA COULD HAVE REFUSED PAYMENT OF RENT ONLY IF FAILING TO PAY MAINTENANCE CHARGES WAS THE ACTUAL BREACH AT ISSUE." *Page 3 
 ASSIGNMENT OF ERROR III "THE LOWER COURT ERRED IN FINDING THAT NOEL DID NOT HAVE TO PROVIDE EVIDENCE THAT SHE DID NOT OWE MAINTENANCE CHARGES."
 ASSIGNMENT OF ERROR IV "THE LOWER COURT ERRED IN RULING FOR NOEL."
 {¶ 4} Appellant argues that the trial court erred in finding that LMHA requires a tenant to commence administrative proceedings by bringing a grievance in order to contest a charge like the maintenance charge assessed to appellee. In addition, appellant argues that the trial court erred by finding that LMHA must allow a tenant to pay her rent without paying other charges or else appellant may refuse rent payments only upon a finding that failure to pay maintenance charges constitutes a material breach of the lease. Finally, appellant argues that the trial court erred by failing to shift the burden to appellee to prove that she did not owe the disputed maintenance charges. This Court finds appellant's arguments insufficient to warrant reversal.
 {¶ 5} The facts of this case are as follows. Appellee had been billed a $50.00 maintenance fee along with her $32.00 rent on the March 2006 statement. The billing statement includes the following statement: "PAY EXACT AMOUNT ONLY PARTIAL OR LATE PAYMENTS NOT ACCEPTED WITHOUT ESTATE MANAGER'S AUTHORIZATION AND STAMP ON REVERSE SIDE." Appellee testified that she could not afford the maintenance fee and that *Page 4 
she did not believe it was warranted. She further testified that the bank authorized to accept payments on behalf of the public housing authority would not accept her rent payment alone without the maintenance fee payment as well.
 {¶ 6} Although appellant asserts four separate assignments of error, appellant's entire argument rises or falls on the basis of one issue, i.e., the propriety of appellant's billing to collect maintenance charges which must be paid in full with the rent, so as to allow LMHA to attempt to evict a tenant who has not paid those maintenance charges on the basis of the non-payment of rent. This Court notes that appellant cites only two cases in its brief, both in support of the proposition that appellant could not accept rent from appellee lest it waive its right to terminate appellee's tenancy due to a breach of the lease agreement. Appellant first argues that the trial court erred by finding, when it adopted the magistrate's decision, that a tenant must be unconditionally permitted to pay her rent without paying other charges. Appellant relies on Brokamp v. Linneman (1923), 20 Ohio App. 199, which states:
 "A lessor on condition broken by lessee may elect to forfeit the lease, or to waive the forfeiture. * * * If, after knowledge of the breach, the lessor, prior to taking any action to forfeit the lease, accepts rent from the lessee, or his assignee, which rent accrued after the breach, he waives the right of forfeiture." Id. at 202.
Appellant further relies on Cuyahoga Metro. Hous. Auth. v.Hairston, Cleveland Municipal Court No. 02-CVG-05582, 2003-Ohio-3005, which sets out the rule: "In general, a landlord waives the right to terminate a tenancy due to a breach of *Page 5 
the lease if, after learning of the breach, he takes action inconsistent with the termination of the tenancy." Id. at ¶ 5.
 {¶ 7} The lease here provides that the non-payment of maintenance charges constitutes a violation of a material term of the lease and, therefore, grounds for termination. Accordingly, this Court agrees that, had appellant accepted appellee's rent payment for March 2006, while allowing appellee to refuse to pay the maintenance charge, it would have waived its right to terminate the tenancy due to appellee's breach of the agreement to comply with all material terms. However, the trial court in fact recognized appellant's right to refuse rent where the tenant has already otherwise breached the lease agreement. Appellant would not be in the untenable position of waiving its right to terminate in situations such as this, if it did not demand payment of other charges in such a way as to effectively construe those other charges as rent. In any event, appellant's argument in this regard does not merit reversal.
 {¶ 8} The dispositive issue in this case is appellant's inclusion of the maintenance charge as part of the rent payment. By including the maintenance charge in the rent statement and demanding the payment of either all or none, then by suing to terminate appellee's tenancy solely on the basis of the non-payment of rent, appellant has effectively expanded the definition of rent to encompass other charges. However, federal law governs the amount that a public housing authority may charge for rent. 42 U.S.C.A. 1437a. Appellant may not implicitly broaden *Page 6 
the definition of rent to include other charges such as maintenance fees. See Watertown Housing Auth. v. Kirkland (2003), 2 Misc.3d 280,287, 766 N.Y.S.2d 790.
 {¶ 9} As the trial court found, appellant could have moved to evict appellee on the basis of her non-payment of the maintenance charges, which by the very terms of the lease constitutes a material breach.24 C.F.R. 247.6 provides, in relevant part, that "[i]n any judicial action instituted to evict the tenant, the landlord must rely on grounds which were set forth in the termination notice served on the tenant under this subpart." Appellant, however, asked to terminate the lease on the basis of the non-payment of rent alone, despite the fact that appellee was willing and able to pay her rent but was unable to do so due to the additional maintenance charge. Accordingly, for the reasons set forth above, this Court finds that the trial court did not err by granting judgment in favor of appellee. Appellant's assignments of error are overruled.
 III. {¶ lO} Appellant's assignments of error are overruled. The judgment of the Elyria Municipal Court is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 7 
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 SLABY, P. J. WHITMORE, J. CONCUR *Page 1