{¶ 1} Plaintiff, The Midwestern Indemnity Co. ("Midwestern"), appeals from the order of the trial court which determined that Midwestern has a duty to defend Richard Puzzitiello, Sr., Park Group East, and Park Southern Builders of Pinellas, Inc. in connection with litigation pending in the United States District Court for the Southern District of Florida. For the reasons set forth below, we find that there is no final appealable order and we dismiss for lack of jurisdiction.
 {¶ 2} On July 19, 2005, Midwestern filed a complaint for declaratory judgment against John K. Nierlich, Richard Puzzitiello, Sr., Carol Chandler, Reserve Developers, L.L.P., Park Group East, Inc., Park Southern Builders of Pinellas, Inc., The Park Group Companies of America, Inc., Banyon Lakes C. Corp., David A. Ward, Reserve Management, Inc., MMC of the Treasure Coast, Inc., Reserve Realty Sales, Inc., Reserve Builders, Inc., and ML Builders, Inc. In relevant part, Midwestern alleged as follows:
 {¶ 3} "2. David A. Ward, Reserve Management, Inc., MMC of the Treasure Coast, Inc., Reserve Realty Sales, Inc., Reserve Builders, Inc., and ML Builders, Inc. (`Federal Plaintiffs') have commenced a lawsuit in the United States District Court for the Southern District of Florida, bearing Case No. 99-14277-CIV-Paine, alleging liability on the part of John Nierlich, Richard Puzzitiello, Sr., Carol Chandler, Reserve Developers, L.L.P., Park Group East, Inc., Park Southern Builders of Pinellas, Inc., The Park Group Companies of America, Inc., Banyon Lakes C. Corp., (`Federal *Page 4 
Defendants') based on extensive allegations, including RICO violations, mail fraud, wire fraud, financial institution fraud, extortion and a number of other intentional torts.
 {¶ 4} "3. Midwestern provided a comprehensive business policy and commercial umbrella policy with policy nos. 61-970111 (term — 1/1/97 to 1/1/00); 61-921201 (term — 5/23/92 to 1/1/97); CBP9378764 (term — 1/1/00 to 1/1/01); and CU9377765 (term — 1/1/00 to 1/1/01) to federal Defendant Richard Puzzitiello, Sr. (`Puzzitiello') and non-defendant Parkview Corporation.
 {¶ 5} "4. Federal Defendant Puzzitiello has requested coverage, including defense and indemnification under the Midwestern policies of insurance as outlined above for the allegations which have been asserted by the Federal Plaintiffs.
 {¶ 6} "5. * * * [T]he relevant policies of insurance are too voluminous to attach as exhibits to this Complaint * * *.
 {¶ 7} "6. The [general liability and umbrella polic[ies] of insurance issued by Midwestern to Puzzitiello included the following coverage:
 {¶ 8} "Commercial General Liability Coverage Form CGL 0001 (1-96).
 {¶ 9} "COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY.
 {¶ 10} "* * *
 {¶ 11} "a. We will pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this *Page 5 
insurance applies. We have the right and duty to defend any `suit' seeking those damages. * * *
 {¶ 12} "b. This insurance applies to `bodily injury' and `property damage' only if [caused by an `occurrence' that takes place in the `coverage territory' and during the policy period]."
 {¶ 13} "COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY
 {¶ 14} "* * *
 {¶ 15} "a. We will pay those sums that the insured becomes legally obligated to pay as damages because of `personal injury' or `advertising injury' to which this insurance applies. We have the right and duty to defend any `suit' seeking those damages. * * *"
 {¶ 16} Midwestern also alleged that the policies excluded from coverage "bodily injury" or "property damage" expected or intended from the standpoint of the insured, and "personal injury" or "advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of falsity.
 {¶ 17} Midwestern alleged that Puzzitiello and the other named insureds were not entitled to coverage because they failed to comply with terms and conditions of the policy, the allegations of the federal lawsuit do not constitute covered occurrences, and the damages alleged do not constitute "property damage" and/or "personal injury." *Page 6 
 {¶ 18} The Federal Defendants (John Nierlich, Richard Puzzitiello, Sr., Carol Chandler, Reserve Developers, L.L.P., Park Group East, Inc., Park Southern Builders of Pinellas, Inc., The Park Group Companies of America, Inc., Banyon Lakes C. Corp.), submitted an answer in which they asserted, inter alia, that Midwestern was barred from denying coverage by waiver, estoppel, and laches. The Federal Defendants also filed a counterclaim[1] for declaratory judgment in which they alleged that the federal action alleges covered "property damage," caused by an "occurrence," and "personal injury" caused by an "offense."
 {¶ 19} Midwestern subsequently dismissed the Federal Plaintiffs (David A. Ward, Reserve Management, Inc., MMC of the Treasure Coast, Inc., Reserve Realty Sales, Inc., Reserve Builders, Inc., and ML Builders, Inc.) from the matter pursuant to Civ. R. 41(A)(1)(a).
 {¶ 20} On October 18, 2005, the Federal Defendants moved for summary judgment. Midwestern filed a brief in opposition.
 {¶ 21} The trial court subsequently issued a judgment entry in which it declared that Midwestern owes a duty to defend Richard A. Puzzitiello, Sr., Park Group East, Inc. and Park Southern Builders of Pinellas, Inc. in the federal litigation. Midwestern's motion for summary judgment was denied. Midwestern now appeals. *Page 7 
 {¶ 22} Appellate jurisdiction is limited to review of lower courts' final judgments. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Civ. R. 54(B). ChefItaliano Corp.v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88,541 N.E.2d 64.
 {¶ 23} R.C. 2505.02(B)(1) provides that a final appealable order is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment."
 {¶ 24} Civ. R. 54(B) provides in relevant part, as follows:
 {¶ 25} "When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all parties."
 {¶ 26} This rule applies in multiple-claim or multiple-party actions where fewer than all the claims or fewer than all the parties are adjudicated. General Accident Ins. Co. v. Ins. Co. of North America
(1989), 44 Ohio St.3d 17, 540 N.E.2d 266. If a *Page 8 
court enters final judgment as to some but not all of the claims and/or parties, the judgment is a final appealable order only upon the express determination that there is no just reason for delay. Id.
 {¶ 27} The case before us involves multiple claims and multiple parties. Although the trial court disposed of the issue of Midwestern's duty to defend Richard A. Puzzitiello, Sr., Park Group East, Inc. and Park Southern Builders of Pinellas, Inc., the trial court made no declaration as to duty to indemnify and made no declaration on either duty to defend or indemnify as to John Nierlich, Carol Chandler, Reserve Developers, L.L.P., The Park Group Companies of America, Inc., and Banyon Lakes C. Corp. In addition, the trial court did not determine that there is no just reason for delay under Civ. R. 54(B).[2] *Page 9 
 {¶ 28} The appellees herein, Richard A. Puzzitiello, Sr., Park Group East, Inc. and Park Southern Builders of Pinellas, Inc. have noted that the judgment entry does not dispose of all the claims of all of the parties, but they argue that there is in effect a final appealable order as follows:
 {¶ 29} "In a footnote, the Federal Defendants also asked that summary judgment be granted on behalf of John Nierlich, Carol Chandler, Reserve Developers, L.L.P., The Park Group Companies of America, Inc., and Banyon Lakes C. Corp. because those Defendants were not insureds under any Midwestern policy and, therefore did not claim an interest that would be affected by a declaration in this case. More appropriately, summary judgment in favor of Midwestern as against these Defendants should be conceded since they have never claimed to be insureds. In any event, there is no dispute or disagreement between Midwestern and the Federal Defendants on this issue. All agree that the above-named defendants are not entitled to a defense (or indemnity) under any Midwestern policy. Therefore, this issue is moot and appealable. Cf.Wise v. Gursky (1981), 66 Ohio St.2d 241; Harleysville Mutual InsuranceCo. v. Santora (1982), 3 Ohio App.3d 257."
 {¶ 30} We cannot accept this contention. First, these parties, John Nierlich, Carol Chandler, Reserve Developers, L.L.P., The Park Group Companies of America, Inc., and Banyon Lakes C. Corp., submitted an answer in which they asserted, inter alia, that Midwestern was barred from denying coverage by waiver, estoppel, and laches. These parties, other than The Park Group Companies of *Page 10 
America, also filed a counterclaim for declaratory judgment in which they alleged that the federal action alleges covered "property damage," caused by an "occurrence," and "personal injury" caused by an "offense." They have not been dismissed by Midwestern and their counterclaim has not been dismissed. We cannot allow Midwestern and Richard A. Puzzitiello, Sr., Park Group East, Inc. and Park Southern Builders of Pinellas, Inc. to simply decree the outcome as to these parties. Further, the mootness rule of Wise v. Gursky, supra, states:
 {¶ 31} "A judgment for the defendant in a civil action, which judgment renders the defendant's third-party complaint for indemnification or contribution moot, is a final appealable order pursuant to R.C. 2505.02, and Civ. R. 54(B) is not applicable to such a judgment."
 {¶ 32} In that case, the plaintiff, who was on a hay wagon, was injured in a collision with the defendant driver's automobile. The plaintiff filed a personal injury action against the defendant driver and the defendant driver, as a result, filed a third-party complaint against the owners of the wagon for indemnification or contribution. The jury returned a verdict in favor of defendant driver in plaintiff's action and this judgment therefore additionally determined all the claims and issues in defendant's third-party action, as it rendered them moot by the judgment in favor of defendant. This rule is not applicable here as the judgment in favor of Richard A. Puzzitiello, Sr., Park Group East, Inc. and Park Southern Builders of Pinellas, Inc., does not determine the action as to the other parties. *Page 11 
 {¶ 33} Moreover, the trial court made a declaration only as to the duty to defend and not the claims pertaining to indemnification.Oakwood Club v. Kinney Golf Course Design, Cuyahoga App. No. 86382,2006-Ohio-1086.
 {¶ 34} In accordance with the foregoing, there is no final appealable order in this matter.
Appeal dismissed.
It is ordered that appellant recover from appellees its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and KENNETH A. ROCCO, J., CONCUR
[1] The counterclaim was later amended to indicate that it does not seek relief on behalf of The Park Group Companies of America, Inc.
[2] This language "does not, by itself, convert a final order into a final appealable order." Englefield v. Corcoran, Ross App. No. 06CA2906,2007-Ohio-1807; citing Oakley v. Citizens Bank of Logan, Athens App. No. 04CA25, 2004 Ohio 6824, P10, and Bell Drilling Producing v. KilbargerConst., Inc. (June 26, 1997), Hocking App. No. 96CA23. "The trial court should include the express determination that there is no just reason for delay when a judgment has been entered as to one or more but fewer than all the claims of the parties only when the matter adjudicated is clearly independent of other rights and liabilities, because the trial court's power to modify the order[,] as may be necessary due to subsequent events[,] is otherwise substantially decreased. The trial court abuses its discretion in attempting to make the disposition of only part of the claims appealable by the addition of Civil Rule 54(B) language when the parties and issues contained in that order are so related and interconnected with an interlocutory order that, for purposes of judicial economy, they should be considered together. In that event, the appellate court is without jurisdiction to entertain the appeal until all of the intertwined claims are final." Id., citingOllick v. Rice (1984), 16 Ohio App.3d 448, 476 N.E.2d 1062 and Noble v.Colwell (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381. *Page 1