DECISION AND JUDGMENT ENTRY
{¶ 1} Defendants-Appellants, F. Alfred Johnson and Sylvia Johnson, appeal the decision of the Pickaway County Court of Common Pleas which denied their Civ. R. 60(B) motion for relief from judgment. Appellants raise three assignments of error for our review. However, because the trial court's entry did not completely dispose of Appellants' claims and, further, did not certify that there was no just reason for delay, as required by Civ. R. 54(B), we are unable to address the merits of the appeal. *Page 2 
Accordingly, we find the trial court's entry was not a final appealable order and dismiss this appeal.
 I. Facts {¶ 2} Appellants, along with their son, Stephen Johnson, retained the services of Appellee law firm, Onda, LaBuhn Rankin, to represent them concerning debt they owed to various creditors.[1] During Appellee's representation of Appellants, Appellants agreed to execute a cognovit promissory note to secure payment for Appellee's legal services. Later during Appellee's representation, Appellants agreed to execute a modification agreement which increased the amount of the original cognovit note. On this same occasion, Appellants executed and delivered to Appellee a mortgage to secure the note.
 {¶ 3} In May of 2007, Appellee filed a two-count complaint alleging Appellants had defaulted upon the note and the mortgage. The complaint sets forth two claims: the first, breach of the cognovit note; the second, a foreclosure action upon the mortgage. On the same day the complaint was filed, the trial court entered judgment against Appellants on the cognovit note. Several months later, Appellee filed a motion for summary judgment on the second claim, the mortgage action. Appellants *Page 3 
subsequently filed a memo contra to Appellee's motion for summary judgment and, on the same day, filed a motion under Civ. R. 60(B) for relief from judgment on the first claim, the breach of the cognovit note. In April of 2008, the trial court entered judgment denying Appellants' Civ. R. 60(B) motion. The current appeal, based upon that judgment, ensued. At the time of the filing of this appeal, Appellee's summary judgment motion on the mortgage claim was still pending.
 II. Assignments of Error
1. THE TRIAL COURT ERRED BY FAILING TO DETERMINE THE CONFESSION OF JUDGMENT PROVISION WAS NOT ENFORCEABLE BECAUSE THE AMOUNT OWED ON THE INSTRUMENT CANNOT BE DETERMINED SOLELY BY READING THE PROMISSORY NOTE.
2. THE TRIAL COURT ERRED BY FAILING TO DETERMINE THE CONFESSION OF JUDGMENT PROVISION WAS NOT ENFORCEABLE BECAUSE CONTRACTS FOR ATTORNEYS' FEES ARE CONSUMER TRANSACTIONS, AND CONFESSIONS OF JUDGMENT CANNOT BE USED IN CONSUMER TRANSACTIONS.
3. THE TRIAL COURT ERRED BY FAILING TO DETERMINE THE CONFESSION OF JUDGMENT PROVISION WAS NOT ENFORCEABLE BECAUSE AN ATTORNEY FEE AGREEMENT IN WHICH THE CLIENT CONFESSES JUDGMENT FOR FUTURE AND YET TO BE EARNED ATTORNEYS FEES IS UNETHICAL.
 III. Legal Analysis {¶ 4} Before an appellate court may consider the merits of an appeal, it must first determine whether the trial court's entry constitutes a *Page 4 
final appealable order. Under Ohio law, if an order is not final and appealable, appellate courts have no jurisdiction to review it.General Accident Insurance. Co. v. Insurance Co. of North America
(1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. Even if the parties do not address the lack of a final appealable order, the reviewing court must raise the issue sua sponte. Englefield v. Corcoran, 4th Dist. No. 06CA2906, 2007-Ohio-1807, at ¶ 24; Whitaker-Merrell Co. v. GeupelConstruction Co. (1972), 29 Ohio St.2d 184, 186, 58 O.O.2d 399,280 N.E.2d 922.
 {¶ 5} An order is a final appealable order when it is "* * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment * * * ." R.C. 2505.02(B)(1). Additionally, when an action involves multiple claims, it must comply with Civ. R. 54(B). Civ. R. 54(B) states, in pertinent part: "When more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties * * * ." *Page 5 
 {¶ 6} "When an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ. R. 54(B) that there is no just cause for delay, the order is not final and appealable." Dodrill v. Prudential Insurance. Co., 4th Dist. No. 05CA13,2006-Ohio-3674, at ¶ 9, citing Noble v. Colwell (1989),44 Ohio St.3d 92, 540 N.E.2d 1381.
 {¶ 7} In the case sub judice, Appellee's complaint presents two claims, one for breach of the cognovit note and one for foreclosure on the mortgage. Though the trial court granted judgment for Appellee on the note and denied Appellants' Civ. R. 60(B) motion for relief from that judgment, at the time this appeal was filed, the foreclosure claim remained pending.
 {¶ 8} "Had [the appellee's] claim on the cognovit note been the only claim asserted, it is clear that the judgment on the cognovit note would have been a final appealable order. However, the fact that additional claims were raised in [the appellee's] complaint alters the legal landscape. When multiple parties or claims are involved, R.C. 2505.02
must be read in conjunction with Civ. R. 54(B)." BJ Building. Co., L.L.Cv. LBJ Linden Co., L.L.C, 2nd Dist. No. 21005, 2005-Ohio-6825, at ¶ 41. "[A] judgment on a cognovit note is not exempt from the requirements of Civ. R. 54(B)." Id. at ¶ 44. *Page 6 
 {¶ 9} Because Appellants' complaint contains multiple claims, Civ. R. 54(B) applies. Because the trial court's judgment entry only addresses the first claim regarding the cognovit note and not the foreclosure claim, it does not completely dispose of Appellants' claims against Appellees. Under Civ. R. 54(B), a trial court can enter final judgment as to fewer than all of a party's claims only upon an express determination that there is no just reason for delay. Here, the trial court made no such express determination. As such, we find that the trial court's entry does not constitute a final appealable order. Accordingly, we lack the requisite jurisdiction to consider the merits of Appellants' assignments of error.
 IV. Conclusion {¶ 10} Though neither party addressed the lack of a final appealable order, we are required to raise the issue sua sponte. We find that the trial court's entry denying Appellants' motion for relief from judgment is not a final appealable order and, thus, we are without jurisdiction to consider the merits of the appeal. Accordingly, the appeal is dismissed and the case is remanded to the trial court for further proceedings consistent with this opinion.
 APPEAL DISMISSED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Kline, J.: Concur in Judgment and Opinion.
[1] Stephen Johnson is the appellant in a companion case to the case sub judice. *Page 1